# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## BERNARD PACKER AND DOROTHY PACKER

### v.

## C. W. HORNSBY AND WALLER J. ROBERTS

Record No. 780828.

## BOARD OF ZONING APPEALS OF

## THE CITY OF VIRGINIA BEACH

### v.

## C. W. HORNSBY AND WALLER J. ROBERTS

Record No. 781022.

June 6, 1980.

Present: All the Justices.

*Grover C. Wright, Jr.,* for appellants. (Record No. 780828).
*(Charles M. Sallé, Assistant City Attorney,* on brief), for appellant. (Record No. 781022).
*Edward T. Caton* for appellees. (Records Nos. 780828 and 781022).

POFF, J., delivered the opinion of the Court.

We have consolidated for opinion two appeals from a judgment reversing the authorization of a variance from a zoning ordinance. The appellants are Dr. and Mrs. Bernard Packer, who applied for the variance, and the Board of Zoning Appeals which approved the application. The appellees are C. W. Hornsby and Waller J. Roberts who protested the application.

In 1968, the Packers purchased one of the six lots situated between 88th and 89th Streets in the northern portion of the City of Virginia Beach. Their lot fronts 50 feet on the ocean and runs west between parallel lines 140 feet to an alley. None of the six lots, all of comparable size, conformed to the minimum lot size requirement of the zoning ordinance in effect in 1968. That ordinance prescribed six-foot side yard setbacks and a ten-foot setback from the oceanfront property line. In 1973, the City enacted a comprehensive zoning ordinance which continued the minimum lot size requirement but increased the oceanfront setback to 30 feet and fixed the setbacks from the northern and southern sidelines at ten feet and five feet, respectively.

All six dwellings conformed to the setbacks required when they were built. Although four of the six were situated closer than 30 feet to the oceanfront, they were lawful nonconforming structures under the 1973 ordinance. The house the Packers bought is 33.8 feet from the oceanfront but only 2.8 feet from the northern sideline.

In 1977, the Packers applied for a building permit to enlarge their living room and add a dining room. There is ample space west of the house to accommodate the construction; but, since the western portion of the existing structure contains bedrooms, a kitchen, and a furnace room, the Packers planned an eastern extension. To qualify for the building permit, they applied for a variance to reduce the oceanfront setback requirement from 30 feet to 8.1 feet and the northern sideline setback requirement from 10 feet to 4.3 feet. The reasons assigned in the application were "improvement to existing structure is needed" and "development of adjacent property makes adherence to set back a hardship".

At the conclusion of a hearing on the application, a member of the Board, observing that "it appears that the average of the houses along this block . . . are approximately 16 feet from the oceanfront line", moved to decrease the oceanfront setback to 16 feet and the sideline setback to 4.3 feet. In response to a question concerning "the grounds for your variance", the Board member cited "[t]he development in the area." The motion was adopted unanimously.

Pursuant to Code § 15.1-497, the trial court awarded a writ of certiorari to Hornsby and Roberts, owners of the lots adjoining the Packers' lot, and granted the Packers leave to intervene. The court reviewed the record of the Board hearing, examined exhibits introduced by the Packers, heard argument by counsel, and issued a letter opinion. By final order entered June 2, 1978, the court reversed the Board's decision and denied the variance.

■ We recently summarized the well-settled standard of judicial review for cases like this in *Alleghany Enterprises* v. *Covington,* 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976):

> "A proceeding before the trial court under Code § 15.1-497 is not a trial *de novo.* There is a presumption that the Board's decision was correct and the burden is on the appellant to overcome this presumption. *Board of Zoning Appeals* v. *Combs,* 200 Va. 471, 476-77, 106 S.E.2d 755, 759 (1959). The court may not disturb the decision of a board of zoning appeals unless the board has applied erroneous principles of law or, where the board's discretion is involved, unless the evidence proves to the satisfaction of the court that the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance. *Board of Zoning Appeals of Alexandria* v. *Fowler,* 201 Va. 942, 948, 114 S.E.2d 753, 757-58 (1960)."

■ The "principles of law" to be applied by a board of zoning appeals considering a request for a variance are found in Code § 15.1-495(b). The first paragraph of subsection (b) empowers a board to grant a variance when "owing to special conditions a literal enforcement of the provisions [of a zoning ordinance] will result in unnecessary hardship". The second paragraph lists, in the alternative, "special conditions" and, in effect, defines "unnecessary hardship". Such a hardship occurs when "the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the use of the property" or create "a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or

convenience sought by the applicant". Further qualifying the power to grant a variance, the third paragraph provides that a board cannot authorize a variance unless it finds:

"(1) That the strict application of the ordinance would produce undue hardship.

"(2) That such hardship is not shared generally by other properties in the same zoning district and the same vicinity.

"(3) That the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance."

Hence, not only must an applicant show the existence of at least one of several "special conditions" which would cause compliance with a zoning ordinance to result in an "unnecessary hardship", but the board of zoning appeals must find that the three enumerated tests are satisfied. *Tidewater Utilities* v. *Norfolk,* 208 Va. 705, 711, 160 S.E.2d 799, 803 (1968).

■ Under the statutory scheme, findings by the board are crucial. "Any person . . . aggrieved by any decision of the board" is entitled to an appeal of right to the circuit court, and the court is empowered to "reverse or affirm, wholly or partly, or [to] modify the decision". Code § 15.1-497. Reading Code §§ 15.1-495, -497 together, we conclude the General Assembly intended that the record transmitted on certiorari reflect the findings underlying the board's decision. If it does not, the parties cannot properly litigate, the circuit court cannot properly adjudicate, and this Court cannot properly review the issues on appeal. *See Burkhardt* v. *Board of Zoning Appeals,* 192 Va. 606, 615, 66 S.E.2d 565, 570 (1951); *accord, Topanga Assn. for a Scenic Community* v. *County of Los Angeles,* 11 Cal. 3d 506, 522 P.2d 12, 113 Cal. Rptr. 836 (1974).

■ The Packers alleged in their application that "the development of adjacent property makes adherence to set back a hardship". The only reason expressly assigned by the Board for its decision was "[t]he development in the area." Absent the specific findings required by statute, we will assume for purposes of these appeals that, in the language of the court's letter opinion, "the Board . . . presumably . . . found that inability to build as close to the ocean as the average dwelling in the block was built . . . constitute[d] undue hardship."

According due deference to the Board's decision, we hold that the evidence does not support such a finding. Proximity to the ocean is

doubtless a "privilege or convenience" coveted by every homeowner along the beach. But a zoning restriction upon that privilege does not constitute an "unnecessary hardship" within the meaning of Code § 15.1-495(b).

Because a facially valid zoning ordinance may prove unconstitutional in application to a particular landowner, *Nectow* v. *Cambridge,* 277 U.S. 183 (1928), some device is needed to protect landowners' rights without destroying the viability of zoning ordinances. The variance traditionally has been designed to serve this function. *See generally* 3 R. Anderson, American Law of Zoning § 18.02 (2d ed. 1977). In this role, the variance aptly has been called an "escape hatch", *Lincourt* v. *Zoning Bd. of Warwick,* 98 R. I. 305, 310, 201 A.2d 482, 485 (1964), or "escape valve", *National Land & Investment Company* v. *Easttown Township Board of Adjustment,* 419 Pa. 504, 512, 215 A.2d 597, 602 (1965). A statute may, of course, authorize variances in cases where an ordinance's application to particular property is not unconstitutional. However, the language used in Code § 15.1-495(b) to define "unnecessary hardship" clearly indicates that the General Assembly intended that variances be granted only in cases where application of zoning restrictions would appear to be constitutionally impermissible. *Cf. Gayton Triangle* v. *Henrico County,* 216 Va. 764, 767, 222 S.E.2d 570, 573 (1976). Manifestly, the Packers do not face a "hardship approaching confiscation", nor has their use of their land been effectively prohibited or unreasonably restricted. The applicants already have a dwelling, which they did not seek to expand for ten years, and they can enlarge the house without violating the setback requirement by adding to the west side of the structure. The evidence shows that the Packers simply would prefer to expand to the east in order to have a better floor plan with a better view of the ocean.

The premise for the Board's decision was that the Packers should be entitled to build as close to the ocean as "the average of the houses along this block". As to the oceanfront setback requirement of the ordinance, four of the six houses are lawful nonconforming structures; the Packers' house and one other conform to the restriction. If, as the Board concluded, one owner of the property complying with a restriction should be allowed to conform his structure to neighboring nonconforming structures, then every such owner would be entitled to do so. A board of zoning appeals could, by granting variances piecemeal, ultimately nullify a zoning restriction

throughout the zoning district. But the statute provides that "all variances shall be in harmony with the intended spirit and purpose of the ordinance", and that "[n]o provision of § 15.1-495 shall be construed as granting any board the power to rezone property."

We hold that the evidence does not support a finding of hardship within the contemplation of the statute and that the authorization of the Packers' variance was an administrative infringement upon the legislative prerogatives of the local governing body. Accordingly, we will affirm the trial court's judgment that the Board's decision was "plainly wrong and in violation of the purpose and intent of the zoning ordinance".

*Affirmed.*