## Richmond

### D. F. HENDRIX, ET AL.

### v.

### BOARD OF ZONING APPEALS OF THE CITY OF VIRGINIA BEACH, ET AL.

June 12, 1981.

Record No. 801058.

Present: Harrison, Poff, Thompson, JJ., and Harman, S.J.

*Edward T. Caton* (*Barry Randolph Koch,* on briefs), for appellants.

*Grover C. Wright, Jr.,* for appellees.

No brief or argument for Board of Zoning Appeals of the City of Virginia Beach, appellee.

PER CURIAM.

In this appeal we must decide if the lower court erred in affirming a zoning variance granted by the Board of Zoning Appeals of the City of Virginia Beach.

On October 4, 1979, the Board of Zoning Appeals (Board) granted to Delmar Skaggs and George Lineberry (applicants), owners of a parcel of land 50 feet by 55 feet located in the 900 block of Atlantic Avenue in Virginia Beach, a variance from the zoning ordinance. Effective November, 1973, the ordinance required, *inter alia,* structures along that portion of Atlantic Avenue to have off-street parking and to conform with present zoning requirements if any change occurred in the use of the property. When the applicants purchased the property in April, 1973, the zoning ordinance imposed no requirements for off-street parking, and the existing structure, a restaurant, did not provide any. Because the applicants planned to convert the restaurant to a multilevel amusement facility, and because the new structure would have to conform to present zoning requirements which, based on the size of the proposed structure, called for 58 off-street parking spaces, the applicants requested the parking variance from 58 to zero.

On October 24, 1979, D. F. Hendrix and others, owners or managers of retail businesses near the subject property, filed their Petition for Writ of Certiorari and Application for Restraining Order to review the Board's decision. Hendrix asked "that the court set a hearing, take evidence or appoint a Commissioner to take evidence, and that the Court reverse wholly the decision of the Board." The court granted the writ, and at the hearing on February 13, 1980, the court reviewed the record of the Board's hearing and heard additional evidence from witnesses for the applicants.

The circuit court, in upholding the variance, concluded that Hendrix had not proven that the Board did not make findings required by Code § 15.1-495(b).* The court found that the Board

---

\* Code § 15.1-495(b), insofar as here pertinent, provides:

No such variance shall be authorized by the board unless it finds:

(1) That the strict application of the ordinance would produce undue hardship.

(2) That such hardship is not shared generally by other properties in the same zoning district and the same vicinity.

(3) That the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

. . . .

No variance shall be authorized unless the board finds that the condition or situation of the property concerned or the intended use of the property is not of so gen-

"could have determined" that the strict application of the ordinance would produce undue hardship, and that there was no evidence the Board "found . . . [or] . . . should have found . . . [the problem to be] . . . of such a recurring nature as to make reasonably practicable the formulation of a general regulation to be adopted as an amendment to the ordinance."

■ The principles of law governing this appeal were recently restated in *Packer v. Hornsby,* 221 Va. 117, 267 S.E.2d 140 (1980), which was decided after the trial court entered its final order in the case at bar. In *Packer,* we noted that Code § 15.1-495(b) requires a board of zoning appeals, prior to approving a variance, to make certain findings of fact, which we deemed "crucial." *Id.* at 121, 267 S.E.2d at 142. We concluded that the General Assembly intended "that the record transmitted on certiorari [pursuant to Code § 15.1-497] reflect the findings underlying the board's decision. If it does not, the parties cannot properly litigate, the circuit court cannot properly adjudicate, and this Court cannot properly review the issues on appeal." 221 Va. at 121, 267 S.E.2d at 142.

■ Nothing in the record before us indicates that the Board made findings of undue hardship, uniqueness of the hardship, and lack of substantial detriment to adjacent property, as required by Code § 15.1-495(b). Likewise, the record is devoid of a finding by the Board that the formulation of a general regulation would not be a "reasonably practicable" method of alleviating the hardship imposed. Code § 15.1-495(b). The only reason given by a Board member for the Board's approval was the Board's previous approval of similar variance requests by other restaurant owners. This finding falls short of the requirements of Code § 15.1-495(b).

■ Even had the Board made the required findings, we believe the evidence failed to support at least some of the statutory criteria. In particular, the evidence suggests that the hardship of which Lineberry and Skaggs complained was not unique to their property. For approximately twenty years, the zoning ordinance imposed no off-street parking requirements for property lying 150 feet or less west of Atlantic Avenue. The Zoning Administrator for the City of Virginia Beach testified that the imposition of the off-street parking requirements was a problem shared by all prop-

eral or recurring a nature as to make reasonably practicable the formulation of a general regulation to be adopted as an amendment to the ordinance.

erty owners along this portion of Atlantic Avenue in the same district as the property owned by the applicants. He noted that all the lots on the west side of Atlantic Avenue are "pretty much the same [size]" and that "[p]robably none of them are [sic] any greater than fifty feet, so naturally you do have that [parking] problem." He concluded that the parking problem was a general and recurring difficulty with property being developed on the west side of Atlantic Avenue in this area. No evidence submitted to the trial court or statements made to the Board indicated otherwise.

In passing upon requests for variances, a board of zoning appeals exercises the limited function of insuring that a landowner does not suffer a severe hardship not generally shared by other property holders in the same district or vicinity. The power to resolve recurring zoning problems shared generally by those in the same district is vested in the legislative arm of the local governing body. The use of variances to resolve such problems is prohibited where a legislative enactment is "reasonably practicable," Code § 15.1-495(b), because the piecemeal granting of variances could "ultimately nullify a zoning restriction throughout [a] zoning district." *Packer* v. *Hornsby,* 221 Va. at 122-23, 267 S.E.2d at 143.

Because the authorization of this variance was an "administrative infringement upon the legislative prerogatives of the local governing body," 221 Va. at 123, 267 S.E.2d at 143, we will reverse the trial court's decision affirming the granting of the variance and dismiss the application.

*Reversed and dismissed.*