### Richmond

## PRINCE WILLIAM COUNTY BOARD OF ZONING APPEALS

### V.

## WILLIAM J. BOND, ET AL.

March 11, 1983.

Record No. 801519.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*John Holland Foote, Deputy County Attorney (T. A. Emerson, County Attorney,* on brief), for appellant.
*William W. May* for appellees.

STEPHENSON, J., delivered the opinion of the Court.

William and Florence Bond applied to the Prince William County Board of Zoning Appeals for a variance from the terms of the County's zoning ordinance. When their application was denied, the Bonds appealed to the circuit court, which reversed the decision of the Board and granted the variance. The Board, in turn, appeals to this Court.

In 1964, the Bonds purchased a 1.01 acre parcel of land. The contract of sale described the property as two one-half acre lots. However, the deed contains one metes and bounds description for the entire parcel. At all times since the purchase, the land has been zoned A-1 (Agricultural). At the time of sale, one single-family dwelling per one-half acre was allowed in A-1 districts. The zoning ordinance was amended in 1976 to allow only one single-family dwelling per acre.

The Bonds constructed a dwelling and detached garage on the parcel. Mrs. Bond testified before the Board that from the time of construction it was the family's intention to convert the garage into a dwelling for her son when the need arose. In 1979, the Bonds began this conversion. Upon learning that the zoning ordinance prohibited the construction of two dwellings on their parcel, they applied for the variance. Mrs. Bond stated that her son and his family could not afford other housing in Prince William County.

This case came before the trial court upon a writ of certiorari. Code § 15.1-497. No testimony was presented to the court, which therefore based its decision solely on the evidence presented to the Board. Deciding that the Bonds had proved undue hardship, the trial court reversed the Board's decision and granted the variance.

A decision of a board of zoning appeals is presumed to be correct, and the burden is on the appealing party to overcome this presumption in the trial court. A court may not disturb a

board's decision unless the board applied erroneous principles of law or its decision was plainly wrong and violated the purpose and intent of the zoning ordinance. *Packer v. Hornsby*, 221 Va. 117, 120, 267 S.E.2d 140, 141 (1980); *Alleghany Enterprises v. Covington*, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976).

In *Packer*, we reviewed the principles of law to be applied by a board in considering whether to grant a variance. A variance may be granted when "owing to special conditions a literal enforcement . . . [of the zoning ordinance] will result in unnecessary hardship." Code § 15.1-495(b). An unnecessary hardship exists when "the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the use of the property" or cause "a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant." *Id.* Finally, a board cannot grant a variance unless it finds:

(1) That the strict application of the ordinance would produce undue hardship.

(2) That such hardship is not shared generally by other properties in the same zoning district and the same vicinity.

(3) That the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

*Id.*

When the evidence presented by the Bonds is measured against these principles, we find it wholly insufficient to sustain the granting of a variance. The mere fact that the zoning ordinance permits the Bonds to build only one dwelling on their land is not a hardship approaching confiscation, as contemplated by the statute. The limitation imposed by the zoning ordinance is one shared by all property owners in the A-1 district. The Bonds produced no evidence of a special condition constituting an unnecessary hardship; nor did they show that the restriction on the use of their land imposed by the ordinance was unreasonable.

The Bonds' application for a variance was, in effect, a request for a rezoning of their property. Zoning, however, is purely a legislative function and is not within the authority of a board of zoning appeals.

The power to resolve recurring zoning problems shared generally by those in the same district is vested in the legislative arm of the local governing body. The use of variances to resolve such problems is prohibited where a legislative enactment is "reasonably practicable," Code § 15.1-495(b), because the piecemeal granting of variances could "ultimately nullify a zoning restriction throughout [a] zoning district." *Packer v. Hornsby*, 221 Va. at 122-23, 267 S.E.2d at 143.

*Hendrix v. Board of Zoning Appeals*, 222 Va. 57, 61, 278 S.E.2d 814, 817 (1981).

We hold that the Board was correct in denying the Bonds' application for a variance and that the trial court erred in overruling the Board's decision. Accordingly, we will reverse the judgment of the trial court and dismiss the Bonds' application for a variance.

*Reversed and dismissed.*