# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Redmon

v.

Board of Zoning Appeals

July 10, 1984

Case No. (Law) 7885

By JUDGE ALBERT H. GRENADIER

This is a petition for a writ of certiorari for review of a decision of the Board of Zoning Appeals of the City of Alexandria, Virginia, rendered on November 11, 1982.

On September 8, 1982, the petitioners applied for a variance in order to construct a one-story, two-car garage on their lot four feet from the side lot line. The lot in question is located in a R-20 residential zone. Under this zone the proposed structure must be located at least twelve feet from the side lot line. On November 11, 1982, the Board granted only a four-foot variance and further required the erection of a six-foot screening fence on the petitioners' property line.

On December 8, 1982, the petitioners filed their petition for a writ of certiorari, alleging that once they had satisfied the statutory requirements for a variance the Board of Zoning Appeals could not amend the application or grant less than the variance requested.

It is clear that a board of zoning appeals, and indeed the Circuit Court, have the power to modify a requested variance. The board is not bound to grant a request for a variance in the precise terms it is requested and may in fact modify it or impose other reasonable conditions upon its approval of the request. Section 15.1-495(b)(3) Virginia Code states: "In authorizing a variance the board may impose such conditions regarding the location, character and other features of the proposed

structure or use as it may deem necessary in the public interest." To the same effect see § 7-6-204 Alexandria City Code. This policy is echoed in § 15.1-496.2 Virginia Code which reads as follows: "In exercising its powers the board may reverse or affirm, wholly or partly, or may modify an order, requirement, decision or determination appealed from." The same power to modify rests in the Circuit Court, as § 15.1-479 Virginia Code states that "the Court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." The "all or nothing" approach of the petitioners is simply not supported by the statutes or applicable case law.

Not only is a board of zoning appeals granted power to amend or modify a request, but its decision to do so is not lightly to be disturbed. A proceeding before the trial court under § 15.1-497 Virginia Code is not a trial *de novo*. *Board of Zoning Appeals v. Combs*, 200 Va. 471 (1959); *Packer v. Hornsby*, 221 Va. 117 (1980).

In *Prince William County Board of Zoning Appeals v. Bond*, 225 Va. 177 (1983), a homeowner sought permission to convert a garage into a house for a member of the family. The Circuit Court reversed the Board's denial of permission, and was in turn reversed by the Supreme Court of Virginia. The Court said: "A decision of a board of zoning appeals is presumed to be correct, and the burden is upon the appealing party to overcome this presumption in the trial court. A court may not disturb a board's decision unless the board applied erroneous principles of law or its decision was plainly wrong and violated the purpose and intent of the zoning ordinance." *Id.* at 180.

Citing *Packer v. Hornsby, supra*, the Court in *Bond* reviewed the principles of law to be applied by a board in considering whether to grant a variance. A variance may be granted when "owing to special conditions a literal enforcement. . . [of the zoning ordinance] will result in unnecessary hardship." Code Section 15.1-495(b). An unnecessary hardship exists when "the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the use of the property" or cause "a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant."

In *Packer* the property owners sought a zoning variance to reduce the ocean-front setback line from thirty feet

to 8.1 feet and the northern sideline setback from ten feet to 4.3 feet so they could build an addition to the ocean side of their house. There was ample space west of the house to accommodate the addition, but the Packers preferred an eastern extension for the ocean view. The board of zoning appeals, citing other development in the area, approved a variance decreasing the ocean-front setback to sixteen feet and the sideline setback to 4.3 feet on the premise that the Packers should be entitled to build as close to the ocean as the average of the other houses on the block. The trial court awarded a writ of certiorari to the owners of adjacent lots and reversed the board's decision. Both parties appealed. The trial court was affirmed on appeal, the Supreme Court noting that the Packers "do not face a 'hardship approaching confiscation,' nor has the use of their land been effectively prohibited or unreasonably restricted. . . and they can enlarge the house without violating the setback requirement by adding to the west side of the structure. The evidence shows that the Packers simply would prefer to expand to the east in order to have a better floor plan with a better view of the ocean." It is interesting to note that neither side raised the issue that the variance granted was less than that requested.

The Court is of the opinion that the Redmons' request for a variance is similar to that of the Packers. The Redmons' lot is certainly large enough to accommodate the proposed garage without a zoning variance. The request for a variance was for the convenience of the petitioners in preserving some existing trees and a drainage field on the property. As salutary as this purpose may be, the denial of the variance was by no means a "hardship approaching confiscation."

Accordingly, the Court will affirm the decision of the Board of Zoning Appeals and will dismiss the petition for certiorari.