## CIRCUIT COURT OF THE CITY OF WINCHESTER

Kirk

v.

Board of Zoning Appeals
of the City of Winchester

August 6, 1985

Case No. (Law) 84-L-130

By JUDGE HENRY H. WHITING

The Court has before it an appeal from the Board of Zoning Appeals of the denial of a request for a variance of the minimum lot size requirements (from 20,000 square feet to 9,000 square feet) to permit the sale of the property for use as professional offices in an RO-1 zone. The Court has heard evidence and argument and has concluded that the appeal must be denied for the following reasons:

(1) The appellant has not overcome the presumption that the Board's decision was correct. *Alleghany Enterprises* v. *Covington*, 217 Va. 64, 67 (1976). This Court cannot disturb the decision of such a Board unless the appellant demonstrates that the Board "has applied erroneous principles of law or, where the Board's discretion is involved . . . the evidence proves to the satisfaction of the Court that the decision is plainly wrong and in violation of the purpose and intent of a zoning ordinance." *Board of Zoning Appeals of Alexandria* v. *Fowler*, 201 Va. 942, 948 (1960). The appellant does not contend that the Board applied an erroneous principle of law but that it abused its discretion in denying the application for a variance. If reasonable people might disagree as to whether the appellant has demonstrated a "hardship approaching confiscation," *Packer* v. *Hornsby*, 221 Va. 117, 122 (1980),

or that "their use of their land [has] been effectively prohibited or unreasonably restricted," *Ibid.*, this Court cannot substitute its judgment for the Board's judgment in the exercise of its discretion. *Fowler, supra.* At the least reasonable people could disagree as to whether a reduction in the sale price of the magnitude shown in this evidence is sufficient to meet the above standard, and for that reason the Court cannot intervene.

(2) The fact that the Board granted a previous variance to Dr. Hill some years ago permitting an office building on a lot 17,760 square feet cannot be a precedent binding this Board. In the first place, there is a vast difference between the appellant's 9,000 square foot lot and the 17,760 square foot lot of Dr. Hill. Secondly, even if the Board erred in granting the variance, earlier erroneous decisions should not bind it on a future occasion, as expressly so held in *Hendrix* v. *Board of Zoning Appeals*, 222 Va. 57, 60 (1981) (prior approval of variance requests reducing minimum parking requirements held insufficient ground for a Board's variance in the instant case).

(3) The hardship alleged is not one unique to this property in this zoning district. While it is contended that this property is the only property next to another office building with a 9,000 square foot area "grandfathered" under this ordinance, the record shows that of the 51 lots in the zoning area 32 lots have less than 20,000 square feet and the only difference between those lots and this lot is that they do not adjoin the "grandfathered" lot. However, the mere fact of being adjacent to another zone or adverse property does not constitute a unique condition, otherwise every boundary property to another zone could claim uniqueness and obtain variances, destroying the general application of zoning. Sections 25.174, 25.175, *McQuillin on Municipal Corporations* (3d ed.).

(4) While the evidence does demonstrate that the property could be sold for a higher price if the variance was granted, this factor alone does not demonstrate "undue hardship" as required to be shown by the enabling statute, Virginia Code Section 15.1-495(B); Section 25.168, *McQuillin on Municipal Corporations* (3d ed.). As *Azalea Corporation* v. *City of Richmond*, 201 Va. 636, 641 (1960), pointed out:

> The authorities generally agree that financial loss, standing alone, cannot establish an extraordinary or exceptional situation or hardship approaching confiscation sufficient to justify the granting of a variance of a zoning regulation, but it is a factor or an element to be taken into consideration and should not be ignored.

In that case a trial court excluded evidence of financial loss and the Supreme Court considered the entire record and reversed, granting a variance. The facts are entirely different. In *Azalea* the landowner simply wanted to connect adjacent commercial property it owned in the county to the city streets and sought a variance over a small piece of land it owned in the city to do so. The proposal was to convert the area of the applicant on each side of the streets into a park area in the city, and the Supreme Court found that the value of adjacent property would not be affected thereby. In this case it is obvious that permitting an office building to be built on a lot less than 50 percent of the minimum lot area required will substantially affect the value of adjacent residential properties and will be counter to the spirit and purpose of the ordinance, intended to "preserve the residential character of these areas and to guide transition by permitting limited additional uses, appropriate, existing or new structures." According to the planning director, the area was zoned:

> In order to preserve the residential character of the district, a large lot area was required for each office building. This 20,000 square foot requirement is the largest in the zoning ordinance. Preliminary studies done prior to the zoning change indicated that approximately 25 lots would be less than the 20,000 required. It was assumed that this would result in the combining of lots and demolition of some existing houses in order to create parcels of 20,000 square feet or more.

The City attorney will draw the appropriate Order, saving the landowner's objection.