## CIRCUIT COURT OF LOUDOUN COUNTY

Corinthia Enterprises, Ltd.

v.

Board of Zoning Appeals

December 20, 1988

Case No. (Law) 10000

By JUDGE THOMAS D. HORNE

Petitioner, Corinthia Enterprises, Ltd., seeks a review of the decision of the Board of Zoning Appeals denying it a variance to construct one single family dwelling unit in a flood plain area. On July 21, 1988, the Board, by a vote of three to two, voted to deny the requested variance. The denial of the application on July 21, 1988, followed an earlier denial and request for reconsideration. This decision of the Board is presumed correct, and the burden is upon the petitioner to demonstrate that either the Board applied erroneous principles of law or that its decision was plainly wrong and violated the purpose and intent of the zoning ordinance. *Board of Zoning Appeals v. Bond*, 225 Va. 177 (1983). A "variance" is defined as:

> a reasonable deviation from those provisions regulating the size or area of a lot or parcel of land, or the size, area, bulk, or location of a building or structure when the strict application of the ordinance would result in unnecessary or unreasonable hardship to the property owner, and such need for a variance would not be shared generally, by all properties, and provided such variance is not contrary to

the intended spirit and purpose of the ordinance and would result in substantial justice being done. Section 15.1-430(p), Code of Virginia, as amended.

In evaluating the appropriateness of a variance from a strict application of the provisions of a zoning ordinance, the following questions are to be asked relevant to the applicable principles of law:

1. Are there special conditions existent whereby a literal enforcement of the ordinance will result in "unnecessary hardship"? (An "unnecessary hardship" exists when the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the use of the property or cause a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant.) and

2. Will a strict application of the ordinance produce undue hardship? and

3. Is such hardship not shared generally by other properties in the same zoning district and same vicinity? and

4. Will the authorization of such variance not be of substantial detriment to adjacent property, and will the character of the district not be changed by the granting of a variance? Section 15.1-495, Code of Virginia, as amended; § 1106.2 et seq. Loudoun County Zoning Ordinance; *Parker v. Hornsby*, 221 Va. 117, 120-121 (1980); *Board of Zoning Appeals v. Bond, supra,* at 180.

Unless each of the aforementioned inquiries is answered in the affirmative, then a variance may not be granted. In addition, where a variance is requested in relationship to property located within a "floodway" portion of a Floor Hazard District, the Board must determine that the use or activity requested will not result in an increase in the One Hundred Year Flood Elevation. Section 1106.2.2.3, Zoning Ordinance of Loudoun County.

At the time a variance was requested in this case, petitioners had expended some $20,000.00 toward the construction of a residence. The foundation was laid in what was determined to be the floodway or floodway fringe. In either event, single family residences are not a permitted use by right or special exception in such areas. Sections

740.3.2, 740.23.3, Zoning Ordinance of Loudoun County. Construction began after petitioner had received notification by letter dated April 13, 1987, that the property did not lie in the flood plain. Petitioner was then granted both zoning and building permits for construction of the residence. Upon it being determined that the information furnished by the letter of April 13, 1987, was in error, the Zoning Administrator directed that construction cease on the property. However, he did call the applicant's attention to the provisions of the county zoning ordinance relating to the granting of variances.

While financial loss is a factor to be taken into consideration in determining whether a variance should be granted, it does not, standing alone, establish an extraordinary or exceptional situation or hardship approaching confiscation such as might justify the granting of a variance. *Natrella v. Board of Zoning Appeals*, 231 Va. 451, 458 (1986).

Testing the instant application by the aforementioned principles, the Court cannot conclude that either the Board applied erroneous principles of law to their decision or that such decision was plainly wrong. The Court agrees with the Assistant Attorney for the County that the relief sought in this case appears to be something akin to a tort remedy for negligence on the part of a County employee. Were a variance to be granted in this case, it would be contrary to the intent and purpose of the zoning ordinance. The issue is simply one of financial loss arising from petitioner's reliance on erroneous advice. Were such relief to be granted, it would constitute the granting of a special privilege or convenience and not the type of demonstrable hardship envisioned by § 15.1-495, Code of Virginia, as amended. There is nothing in the extensive record of this case which would indicate that, but for their out-of-pocket expenditures resulting from advice given, the hardship is not one generally shared by other properties in the district. That hardship, being a limitation on improvements within the floodplain, is of such general application as would be the subject of an amendment to the zoning ordinance. Financial loss is not merely a factor in support of the instant application, but the only factor.

Petitioners have failed to overcome the presumption of regularity to be accorded the decision of the Board.

Accordingly, the decision of the Board, insofar as it denied the requested variance will be affirmed and the instant Petition for Writ of Certiorari dismissed. As the Court does not deem the instant appeal to be frivolous, the petitioners will not be required to pay the costs involved in making a return of the record. Section 15.1-497, Code of Virginia, as amended. Because no additional relief has been sought in these proceedings in the response filed by the Board, the Court will not order the removal of the foundation as part of the relief herein but will leave to the Zoning Administrator the right through other means to ensure compliance with the zoning ordinance should such relief be necessary.