## CIRCUIT COURT OF LOUDOUN COUNTY

Betty D. Patterson,
Acting Zoning Administrator

v.

Board of Zoning Appeals
for the Town of Middleburg
and Susan C. Twining

January 9, 1991

Case No. (Law) 11722

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on a certiorari proceeding under § 15.1-497 for a review of a decision of the Board of Zoning Appeals of the Town of Middleburg (the "BZA") granting a variance to Susan C. Twining ("Twining") from the rear yard and side yard setback requirements of the Middleburg Zoning Ordinance (the "MZO").

After a review of the record returned by the BZA as amended by the order entered December 18, 1990, and consideration of the argument and memoranda (limited as set forth below) of counsel for the petitioner, Betty D. Patterson, Acting Zoning Administrator ("Patterson") and respondent Twining, the subject decision of the BZA is reversed.

The Court's decision is based upon what is contained in the record and not on what Patterson describes as "Procedural Posture" in her memorandum filed December 4, 1990, or what Twining describes as "Procedural Posture" and "Statement of Facts and Proceedings Below" in her memorandum filed December 11, 1990. Of course, the Court considered the "Argument" of counsel in each memoranda.

The decision of the BZA is presumed to be correct, and the burden is on the appellant to overcome this presump-

tion. The Court may not disturb the BZA's decision unless it has applied erroneous principles of law, or where its discretion is involved, unless the evidence before the Court proves to its satisfaction that the decision was plainly wrong and in violation of the purpose and intent of the zoning ordinance. *Prince William County Board of Zoning Appeals v. Bond*, 225 Va. 177 (1983); *Packer v. Hornsby*, 221 Va. 117 (1980); *Allegheny Enterprises, Inc. v. Board of Zoning Appeals*, 217 Va. 64 (1976).

The Supreme Court has stated:

> [W]e have consistently held that a board of zoning appeals, exercising its administrative functions in considering a zoning variance, *must make certain findings of fact required by statute.* If it does not do so, "the parties cannot properly adjudicate, and this Court cannot properly review the issues on appeal." (Citation omitted). *Those prerequisite findings are, in variance cases, crucial to the power of judicial review* which the General Assembly has vested in the courts. (Emphasis mine.)

*Ames v. Town of Painter*, 239 Va. 343, 348 (1990).

Section 15.1-495(b) and § 18-2-2 of the MZO clearly provides that no variance shall be authorized unless certain findings are made by the BZA. The record must reveal that the BZA determined that the applicant did show at lest one of the several "special conditions" which would cause compliance with the zoning ordinances to result in an "unnecessary hardship" and that the BZA found that the three enumerated tests set forth in Section 15.1-495(B) are satisfied and that the condition of the property is not of so general or recurring a nature as to make reasonably practicable the formulation of a general regulation to be adopted as an amendment to the ordinance. *Packer v. Hornsby*, 221 Va. 117 (1980); *Tidewater Utility Corporation v. City of Norfolk*, 208 Va. 705 (1968).

The record of the BZA is completely devoid of any determination by the BZA which would support the findings necessary for the granting of the variance. The official minutes (pages 10 and 11 of the record) contain a summary of the evidence presented by Twining and her attorney,

Mr. Hosta. There is no record of any discussion or debate among the members. No findings or conclusions are set forth in the minutes.

Similarly, the transcript of the hearing is devoid of any such determination by the BZA. There is no discussion or debate among the members. There are no expressions of any findings or conclusions by any member of the BZA. The transcript simply shows that immediately after the BZA heard from Twining and Mr. Hosta, a motion to approve was made, seconded and passed. The motion for approval was simply, "I make a motion to approve," without any supporting findings, reasons or conclusions.

It would be pure speculation and conjecture for this Court to determine the facts, conclusions and reasons behind the BZA's decision. Counsel's arguments for and against the decision are based upon the evidence presented to the BZA. The arguments represent various positions that the BZA could or could not have taken in acting on the application. Without knowing what findings the BZA made and the reasons for its decision, this Court cannot adjudicate.

In a certiorari proceeding, the Court "reviews" the decision of the BZA. It determines within the parameters set by such cases as *Packer* whether the decision should be disturbed. It is not a question of whether the BZA made the right or the wrong decision based upon the evidence presented to it. The BZA can act, for example, based upon the independent knowledge of its members or upon information supplied to it at its request (e.g., a staff report) as well as information (evidence) presented to it at a hearing, or any combination thereof. Hence, there is a need for the board to make the prerequisite findings crucial to exercise the power of judicial review. The legislature recognized this with the provision of § 15.1-497 that requires that the return "shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from . . . ."

A proceeding under § 15.1-497 contemplates a review by the Court of not merely the actual decision of the board but the findings, conclusions and reasons for the decision. The Court does not substitute its discretion for that of the board. How can a court determine if a board applied erroneous principles of law or determine

that its decision was plainly wrong without knowing the findings, conclusions and reasons made and used by it in reaching its decision?

The decision of the BZA is reversed because its findings, conclusions and reasons are not reflected in the record. Because of this decision, the other issues raised by counsel do not need to be considered.