## CIRCUIT COURT OF LOUDOUN COUNTY

Allan L. Neustadter,
Thomas O. Payne,
and Rebecca Payne-Tighe

v.

Zoning Appeals Board
of the Town of Round Hill

October 16, 1995

Case No. (Law) 15877

By Judge James H. Chamblin

This case is before the Court on a certiorari proceeding under Va. Code § 15.1-497 for a review of a decision of the Board of Zoning Appeals for the Town of Round Hill denying a variance to Allan L. Neustadter, Thomas O. Payne, and Rebecca Payne-Tighe for the construction of a residence on a lot that does not meet the minimum lot size requirement of the town zoning ordinance.

After a review of the record returned by the Board and consideration of the argument of counsel on September 28, 1995, the decision of the Board is affirmed.

The decision of the Board is presumed to be correct, and the burden is upon the appellants to overcome the presumption. *Board of Zoning Appeals v. Bond*, 225 Va. 177, 179 (1983). The Board's decision will not be disturbed unless it applied erroneous principles of law or its decision was plainly wrong and violated the purpose and intent of the zoning ordinance. *Packer v. Hornsby*, 221 Va. 117, 120 (1980). Section 15.1-495(2) sets forth the legal principles to be applied by the Board in deciding whether to grant a variance. Because the Board denied the variance, this Court must examine the record to ascertain if the evidence which was presented to it would have been sufficient to sustain the denial of a variance.

The record reveals that the lot contains 13,207 square feet, and it is located in a zone requiring a minimum lot size of 20,000 square feet. The

lot was in existence at the time of the adoption of the first zoning ordinance for Round Hill in 1974. It is unimproved and has no road frontage. It was acquired by the appellants in 1984. They were well aware that the lot did not conform to the minimum size requirement when they purchased it. The present zoning ordinance was adopted in 1989.

The appellants also own another parcel of unimproved land containing 19,384 square feet which is adjacent to the 13,207 square foot lot. This lot has frontage on Main Street. It is also non-conforming.

Section 10.3 of the Round Hill Zoning Ordinance allows the construction of a permitted structure on a single non-conforming lot provided the owner of the lot does not own any other parcel or tract adjacent thereto, and the lot must be within 80% of the required area and width for the district. The non-conforming lot must meet the yard requirements. If the non-conforming lot has less than 80% of the required area or width, it may be used upon obtaining a variance of the yard requirements.

In denying the variance, the Board made five specific factual findings, as follows:

1. Contiguous and near-contiguous property owners are opposed to the granting of a variance because it would be a detriment to the character of the district.

2. The housing density created would not complement the historic character of the neighborhood.

3. The appellants have not shown undue hardship approaching confiscation.

4. The appellants apparently appealed the 1992 assessment on the lot because the assessed value was reduced from $43,700 in 1992 to $6,000 in 1993 (the appellants falsely reported the 1993 assessment to be $42,700).

5. The appellants acknowledge that they knew the lot was non-conforming when they purchased it.

The evidence presented to the Board was conflicting, but there was evidence presented to support each of the five findings. There may have been some erroneous or inaccurate information provided to the Board (e.g., the sewer easement and right of way information mentioned in the Graham memorandum dated March 11, 1994), but there was evidence or information presented to the Board that has not been challenged by the appellants which will support the Board's findings.

At least two adjacent landowners (Dean and Frear) opposed the variance. The photographs of the lot and adjacent parcels show the area to be

one of houses, open space, yards, and trees. Whether the construction of a residence on the lot would be a detriment to the character of the district or not complementary to the historic character of the neighborhood are questions on which reasonable persons could differ. It falls within the discretion of the members of the Board. This Court cannot substitute its judgment for that of the Board.

It is not an unreasonable conclusion that the appellants have not shown undue hardship approaching confiscation because they own an adjacent parcel. Section 10.2 of the zoning ordinance clearly shows the intent of the ordinance as to non-conforming lots. The appellants have not challenged Section 10.3 and the severe restrictions it places on the owner of a non-conforming lot who also owns an adjacent parcel. The appellants acknowledge that they knew of this provision when they acquired the lot.

While the appellants offered a very plausible explanation for the assessment figures as they were supplied by them to the Board, the large reduction of the assessment in 1993 tends to show that the appellants may have accepted the fact that they could not build on the lot.

The Board did not apply erroneous principles of law. Its decision is not plainly wrong and does not violate the purpose and intent of the zoning ordinance. This Court merely reviews the Board's decision. It is not a question of the Court's looking at the evidence presented to the Board and then deciding whether a variance should be granted. The granting of a variance is not a matter of right but lies in the discretion of the Board.

The record does show that the Board did receive a considerable amount of information that it might not have otherwise received. Such information included, for example, the following:

1. The recommendation from the town planning commission not to approve the variance.

2. References to an historic district when one does not in fact exist.

3. The information in the Graham memorandum referred to above.

4. The granting of a variance to build on an 8,445 square foot lot in the district in 1984.

5. Other lots in the town in the same situation as the subject lot.

Even if the Board received erroneous or impermissible information or evidence, it is not a ground to reverse the decision as long as the Board acted properly and made proper findings on which to base its decision. It is not a case on which the Board's findings were based on erroneous or impermissible information. As stated above, the Board had competent evi-

dence on which to base its decision. In the final analysis, this case represents a decision resting in the discretion of the Board. It exercised that discretion, and its decision should not be disturbed.

The decision of the Board is affirmed.