## CIRCUIT COURT OF FAIRFAX COUNTY

Jennifer W. Gittins

v.

Zoning Appeals Board
of Fairfax County

### Case No. (Law) 183829

Zoning Appeals Board
of Fairfax County

v.

Jennifer W. Gittins

### Case No. (Chancery) 164029

### September 12, 2000

BY JUDGE HENRY E. HUDSON

Consolidated by prior order, these cases are before the Court on the Complainant's appeal of a denial of a special use permit by the Fairfax County Board of Zoning Appeals (the Board) and a separate action in chancery filed by the Defendant Board to enforce its decision and require compliance with the controlling zoning ordinance.

In January of 1999, the Complainant received a notice of a zoning violation from Fairfax County. It informed her that she had "erected an accessory structure, a playground set, in violation of zoning ordinances 10-104(12)(E) and 2-302(6)." These zoning provisions require structures to be set-off a specified distance from the property line. The playground structure erected by the Complainant is over 12 feet in height at its tallest point and is

situated less than a foot from the adjacent property line. The structure exceeded the height restrictions for the zoning classification of Complainant's property by 5½ feet. The ordinance further required that the structure be a minimum of 7 feet from the adjacent property line. There is no dispute that the structure is substantially nonconforming.

After receiving the notice of violation, the Complainant, by letter dated April 5, 1999, applied for a special use permit allowing a reduction of the minimum yard requirements. In support of her application, the Complainant cited good faith noncompliance, undue hardship, and no detriment to adjacent neighbors.

The Board held three separate hearings on aspects of the Complainants application. The Complainant was present and addressed the Board at each hearing. On September 15, 1999, the Board of Zoning Appeals issued its Special Permit Resolution: "It could not be determined that the error in location and in construction was done in good faith and that the applicant has satisfied the Board that all requirements for a special permit were met."

On Complainant's Petition, this Court granted a Writ of Certiorari to review the Board's decision. In a separate consolidated action, the Zoning Administrator has filed for mandatory injunctive relief. The Complainant contends that the Board erred in finding insufficient evidence to support her claim of good faith noncompliance. She further alleges that the Board's decision was arbitrary and capricious and that it offended due process because the Board did not specifically elicit comments from her on certain issues relied upon in its final decision.

The Court's analysis of Complainant's appeal begins with the well-settled presumption that the Board's decision is correct. The reviewing Court may not interpose its own independent judgment for that of the Board. *Board of Zoning Appeals of the City of Alexandria v. Fowler*, 201 Va. 942, 948, 114 S.E.2d 753 (1960). To overturn the Board's decision on a discretionary issue, the Complainant must demonstrate that the decision is "plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Packer v. Hornsby*, 221 Va. 117, 120, 267 S.E.2d 140 (1980).

Furthermore, the Board is not required to produce evidence sufficient to persuade the finder of fact that its actions are reasonable by a preponderance of the evidence. To sustain its actions, the court need only find sufficient evidence to make the question "fairly debatable." *Fairfax County v. Southland Corp.*, 224 Va. 514, 522-23, 297 S.E.2d 718 (1982). "An issue may be said to be fairly debatable when, measured by both quantitative and qualitative tests, the evidence offered in support of the opposing views would lead

objective and reasonable persons to reach different conclusions." *County Board of Arlington v. Bratic*, 237 Va. 221, 227, 377 S.E.2d 368 (1989).

The Complainant represented to the Board that she had inquired about zoning requirements with the contractor who built the playground set, the community homeowners' association, and the Fairfax County Office of Building Code Services. The contractor advised her to contact the County. The County building code office informed her that no building permit was necessary for playground structures. Officials of the homeowners' association expressed their belief that no zoning related permits were required. On the strength of this evidence, the Complainant argues that the Board was plainly wrong in its inability to conclude that she had undertaken construction of the accessory structure in good faith. The Court disagrees. The record is clearly sufficient to demonstrate that the issue was "fairly debatable." The Board members may well have concluded that the Complainant's casual inquiries were insufficient.

The same is true of the hardship issue. The mere fact that the Complainant expended nearly $8,000.00 constructing the playground is not controlling. The Board may have reasonably concluded that the application sought a special privilege or convenience as opposed to revealing a true hardship. See *Packer v. Hornsby*, 221 Va. at 120-21. But again, in the final analysis, the issue is at least "fairly debatable."

The Complainant's evidence falls short of trumping the presumption that the power and discretion of the Board were properly exercised in this case. Even if the Complainant prevailed on the good faith and hardship issues, she has failed to identify how the Board was plainly wrong in finding that she did not meet the other requirements for a special use permit. For example, the Complainant's adjacent neighbor testified that the playground structure was an "eyesore" that detracted from the value of her property. The neighbor further noted that a realtor had advised her that the existence of the structure would affect the marketability of her home. This alone is fatal to Complainant's application for a special use permit. In order to grant the permit, the Board must find that the structure has no detrimental impact on other properties in the immediate vicinity.

The Complainant also argues that the Board denied her due process. She contends that the Board considered several factors, such as safety issues, which she was not permitted to address in detail. The Complainant received notice of each of the three hearings at which her application was considered. She was permitted to address the Board on each of those occasions. The pertinent ordinance, of which she was familiar, detailed the various factors the Board had to consider in deciding the merits of her application. The Board

fulfilled all statutory requirements, and that is all the law requires. *County of Fairfax v. Southern Iron Works, Inc.*, 242 Va. 435, 444, 410 S.E.2d 674 (1991), and *Ward Lumber Co. v. Henderson-White Mfg. Co.*, 107 Va. 626, 628, 59 S.E. 476 (1907).

For the foregoing reasons, the decision of the Board of Zoning Appeals is affirmed in Law No. 183829. The Court will further grant the Zoning Administrator's Petition for Declaratory Judgment and Mandatory Injunctive Relief in Chancery No. 164029.

### Order

For the reasons stated in the Court's Memorandum Opinion of this date, the decision of the Board of Zoning Appeals is affirmed in Law No. 183829. The Court will further grant the Zoning Administrator's Petition for Declaratory Judgment and Injunctive Relief in Chancery No. 164029.

The Court finds that the Complainant is in continuing violation of Sections 10-104(12)(E) and 2-302(6) of the Fairfax County Zoning Ordinance. The Complainant is ordered to bring the playground structure in question into conformance with the aforesaid ordinances by November 15, 2000.