# CIRCUIT COURT OF AMHERST COUNTY

Amherst County
Board of Supervisors

v.

Zoning Appeals Board
of Amherst County,
James C. Bryant, Inc.,
t/a Outback Motor Sports,
and I. H. McBride Sign Co., Inc.

November 22, 2005

Case No. CH 10302

BY JUDGE J. MICHAEL GAMBLE

I am writing to give the opinion of the court in the above case. In this regard, I reverse the grant of a variance by the Amherst County Board of Zoning Appeals ("BZA") and deny the request for a variance.

Outback Motor Sports ("Outback") owns 1.730 acres bordering on U.S. Route 29 in Amherst County. The real estate is currently used by Outback for retail sales of John Deere Tractor products. It is zoned B-2, General Commercial District. Outback proposes to place a John Deere advertising sign on the real estate that is twenty feet in height. Under the current zoning, a sign approximately ten feet in height is permissible.

James C. Bryant, President of Outback, testified that a dealership sign is required by both the John Deere franchise rules and the Department of Motor Vehicle regulations. He also testified, however, that there is no particular height requirement for the dealership sign and that a twenty foot

high sign is not required by either entity. James C. Bryant also testified that a ten foot sign would be partially obscured by the equipment for traffic that is approaching from one direction on Route 29 and completely obscured for traffic that is approaching from the other direction on Route 29.

Va. Code § 15.2-2314 provides that the decision of the board of zoning appeals is presumed to be correct. It further provides, however, that the petitioner may rebut the presumption by showing that the BZA "applied erroneous principles of law or, where the discretion of the board of zoning appeals is involved, the decision of the board of zoning appeals was plainly wrong and in violation of the purpose and intent of zoning ordinance." Amherst County maintains that the BZA applied erroneous principles of law. I agree that the BZA applied erroneous principles of law and that the presumption of correctness has been rebutted.

A board of zoning appeals, when considering an application for a variance, acts only in an administrative capacity and, under constitutional principles, is empowered to act only in accordance with the standards prescribed by the legislative branch of government. *Cochran v. Fairfax County Bd. of Zoning Appeals*, 267 Va. 756, 765, 594 S.E.2d 571, 576-77 (2004). Va. Code § 15.2-2309 prescribes the standards for granting variances in Virginia. Under this code provision, it must be established that the zoning restrictions result in "unnecessary hardship" under the following circumstances:

> When a property owner can show . . . the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the utilization of the property or where the board is satisfied, upon evidence heard by it, that the granting of the variance will alleviate a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or a convenience sought by the applicant. . . .

For an ordinance to produce an undue hardship, it must interfere with all reasonable beneficial uses of the property, taken as a whole. *Cochran*, 267 Va. at 766, 594 S.E.2d at 577; *Commonwealth v. County Utilities*, 223 Va. 534, 542, 290 S.E.2d 867, 872 (1982). See also *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978).

It is a threshold question for a BZA to determine whether the hardship created by a zoning ordinance interferes with all reasonable beneficial uses of the property, taken as a whole. This is a crucial prerequisite finding in order for

the board of zoning appeals to grant a variance. *Riles v. Board of Zoning Appeals*, 246 Va. 48, 52, 431 S.E.2d 282, 285 (1993); *Ames v. Town of Painter*, 239 Va. 343, 348, 389 S.E.2d 702, 704 (1990). In essence, variances are only to be granted in cases where the zoning restrictions are so constitutionally impermissible that there is a hardship approaching confiscation. *Packer v. Hornsby*, 221 Va. 117, 122, 267 S.E.2d 140, 142 (1980).

In this case, the BZA has not made any finding that the zoning ordinance interferes with all beneficial uses of the property, taken as a whole. Further, Amherst County has rebutted the presumption of correctness of the decision of the BZA to grant a variance because it is clear that the real estate is currently being put to a beneficial use, i.e. a John Deere Tractor dealership. Further, the property may also be utilized for other permitted uses within a general commercial district, B-2. Therefore, the threshold requirement of a hardship approaching confiscation has not been met in order to grant a variance in this case.

Further, Va. Code § 15.2-2309(2) requires that three additional findings be made in order to grant a variance. They are as follows:

(a) That the strict application of the ordinance would produce undue hardship;

(b) That the hardship is not shared generally with other properties in the same zoning district and in the same vicinity; and

(c) That the authorization of the variance will not be of substantial detriment to adjacent property and the character of the district will not be changed by granting the variance.

The BZA failed to make these findings. As noted in *Packer*, these findings are crucial. The General Assembly intended for the record to reflect the findings underlying the decision of a BZA. *Packer*, 221 Va. at 121, 267 S.E.2d at 142. The record in this case is completely devoid of the BZA's making these requisite findings to satisfy the requirements for the granting of a variance. Accordingly, and additionally, because these three additional requirements have not been satisfied, the variance petition by Outback must fail.

*Order*

The Amherst County Board of Supervisors filed its petition pursuant to Va. Code § 15.2-2314 alleging that it is aggrieved with the decision of the Amherst County Board of Zoning Appeals to grant a variance to James C.

94

Bryant, Inc., t/a Outback Motor Sports. The Court allowed a writ of certiorari to review the decision of the Amherst County Board of Zoning Appeals. The Board of Zoning Appeals duly filed its record as required by law.

Present at the hearing was the Amherst County Board of Supervisors, by its counsel, Stephen R. Eubank. Also appearing were James C. Bryant, Inc., t/a Outback Motor Sports, and I. H. McBride Sign Co., Inc., together with their counsel, Sidney H. Kirstein. Also appearing was the Amherst County Board of Zoning Appeals by its Chairman, Charles Staples, Jr.

Upon the evidence presented, the record filed with the court, and the argument of counsel, and for the reasons set forth in the opinion letter of this court dated November 22, 2005, a copy of which is filed in the record and incorporated by reference into this order, the court doth adjudge, order, and decree that the Amherst County Board of Zoning Appeals applied erroneous principles of law because it failed to make the required statutory findings and the evidence failed to establish an undue hardship to the landowner amounting to a confiscation. Accordingly, the court doth adjudge, order, and decree that the decision of the Amherst County Board of Zoning Appeals granting the variance is reversed and the petition for a variance is denied.

The objection of the respondents to this decision is noted. Endorsement of this order is waived pursuant to Rule 1:13. This case is now ended and dismissed from the docket.