# CIRCUIT COURT OF THE CITY OF NORFOLK

Trustees for
Christ and St. Luke's
Episcopal Church
and CSL Apartments, Inc.

v.

Zoning Appeals Board
of the City of Norfolk

January 23, 2006

Case No. (Law) CL05-2031

BY JUDGE JOSEPH A. LEAFE

This case comes before the Court on the Petitioners' appeal from the Board of Zoning Appeals of the City of Norfolk.

The Petitioners are the Trustees of Christ and St. Luke's Episcopal Church, located in a Historical and Cultural Conservation Zone in the Ghent area of Norfolk. The Church is planning an expansion project that will utilize property it owns across the street from the main grounds. Currently, the property across the street houses two apartment buildings owned by the Church. The Church wishes to demolish the apartments and relocate one of the buildings from the main church property to the apartment lot. The Church also plans to expand the sanctuary building on the main property.

According to the Norfolk Zoning Ordinances, the Church is a legal non-conforming structure subject to strict limits on expansion. *See Norfolk, Va. Zoning Ordinances*, art. III, § 12-3. Additionally, buildings in the historical zone may not cover more than fifty-five percent of a zoning lot. *Id.* at art. II, § 9-1.9. If the property owned by the Church is considered to be two separate zoning lots, then the Church's expansion project will exceed the code limits. However, if, as

the Church argues, the property on both sides of the street is viewed as one zoning lot, the expansion falls within the permitted percentages because the destruction of the apartments offsets the additions to the sanctuary building.

The key to this zoning case is the proper interpretation of Section 2-3 of the Zoning Ordinance, which defines "zoning lot" to include "combinations of adjacent individual lots and or portions of lots so recorded." *Id.* at art. I, § 2-3. The Zoning Ordinance does not further define "adjacent."

When reviewing the Church's expansion plans in light of the Zoning Ordinance, the Zoning Administrator ruled that the lots were not adjacent because they are separated by a fifty-foot public street. The Church appealed the Administrator's decision to the Board of Zoning Appeals, which affirmed the Zoning Administrator's findings. The Church timely appealed the Board of Zoning Appeals decision to this Court. Va. Code Ann. § 15.2-2314 (2005).

The Court upholds the ruling of Board of Zoning Appeals. On appeal, circuit courts presume that the findings of the board of zoning appeals are correct. *Id.* A circuit court will not overrule a board's decision "unless the board applied erroneous principles of law or its decision was plainly wrong and violated the purpose and intent of the zoning ordinance." *Prince William County Board of Zoning Appeals v. Bond*, 225 Va. 177, 179, 300 S.E.2d 781, 782 (1983) *citing Packer v. Hornsby*, 221 Va. 117, 120, 267 S.E.2d 140, 141 (1980); *Alleghany Enterprises v. Covington*, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976). *See also Lamar v. Board of Zoning Appeals*, 270 Va. 540, 620 S.E.2d 753, 757 (2005).

The Church asks that the Court disregard the Board's decision in this case because the Board used a plainly incorrect definition of "adjacent." According to the Church's argument, the Board of Zoning Appeals adopted a non-standard definition of "adjacent" in order to prevent future problems that might result from interpreting the word to include property on both sides of the street. The Church claims that the primary definition of "adjacent" does not require that items be next to or touching each other.

However, the Church's own definition of "adjacent" is not conclusive. The Church urges the Court to adopt the following definition, found in *Black's Law Dictionary*:

> Adjacent: Lying near or close to; sometimes, contiguous; neighboring. *Adjacent* implies that the two objects are not widely separated, though they may not actually touch . . . while *adjoining* imports that they are so joined or united to each other that no third object intervenes.

*Black's Law Dictionary* 38 (5th ed. 1979).

Even assuming that the *Black's Law Dictionary* definition is the primary meaning of adjacent, someone must decide when two objects are close enough to be adjacent. "Widely separated" necessitates a judgment call. The authority to interpret the language of the Zoning Ordinance belongs to the Zoning Administrator and the Board of Zoning Appeals. *See Lamar*, 540 Va. at 547-48, 620 S.E.2d at 757 (2005) (deferring to the board of zoning appeals' interpretation of the ordinance because zoning agencies "develop expertise in the relationship between particular textual language and a local government's overall zoning plan").

In this case, the Board of Zoning Appeals agreed with the Zoning Administrator that, when two pieces of property are separated by a fifty-foot public street, they are not adjacent for purposes of defining zoning lots. In reaching its decision, the Board of Zoning Appeals accepted the City of Norfolk's argument that this definition of "adjacent" best comports with the way the term is used throughout the Zoning Ordinances. *See* Transcript at 70-75.

Because the Board of Zoning Appeals applied correct principles of law and adopted a definition of "adjacent" that is both reasonable and consistent with the Zoning Ordinances as a whole, the Court upholds the Board's decision. The Church may pursue a variance for its expansion project from the Zoning Administrator pursuant to Section 22-4 of the Zoning Ordinances.