## NATIONAL MEMORIAL PARK, INC.

### V.

## BOARD OF ZONING APPEALS OF FAIRFAX COUNTY

Record No. 830575

September 5, 1986

Present: All the Justices

*William H. Hansbarger* for appellant.

J. Patrick Taves, Assistant County Attorney (David T. Stitt, County Attorney; George A. Symanski, Jr., Senior Assistant County Attorney, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

National Memorial Park, Inc. (Memorial Park), applied to the Board of Zoning Appeals of Fairfax County (the Board) for a special use permit to operate a crematory for humans and animals. The Board denied the application, and Memorial Park, pursuant to Code § 15.1-497, petitioned the circuit court for a writ of certiorari. No additional evidence was presented to the circuit court, the parties having submitted the case on the record made before the Board. Thereafter, the court affirmed the Board's decision, finding that the Board applied correct principles of law and that its decision was not "plainly wrong or in violation of the purpose and intent of the [County's] zoning ordinance." The dispositive issue in Memorial Park's appeal to this Court is whether the evidence supports the Board's decision.*

Under established principles of law, we must view the evidence and all inferences fairly deducible therefrom in the light most favorable to the Board. Memorial Park owns a 5.3-acre parcel of land adjacent to a larger tract that has been used as a cemetery since 1933. The cemetery was established prior to the adoption of zoning regulations. In addition, the Board previously granted a special use permit to use the 5.3-acre parcel as a cemetery. Memorial Park proposes to operate a crematory from an existing garage, located on the 5.3-acre parcel, 122 feet from an established residential community.

Memorial Park's property, including the 5.3-acre parcel, is zoned "R-1," which permits single-family dwellings at a density of one dwelling unit per acre. In addition, the County's zoning ordinance authorizes the Board to allow certain "Special Permit Uses" in "R-1" zoned districts, if certain conditions are present. A crematory is one of the special uses the Board may allow in "R-1" and other residential districts.

---

* We have considered Memorial Park's other assignments of error and find them to be without merit.

"Special Permit Uses," such as Memorial Park's proposed crematory, are defined in the County's zoning ordinance as those which

> by their nature, can have an undue impact upon or be incompatible with other uses of land within a given zoning district. These uses as described may be allowed to locate within given designated districts under the controls, limitations, and regulations of a special permit.
>
> It shall be the duty of the [Board of Zoning Appeals], under the provisions of this Article, to evaluate the impact and compatibility of each such use, and to stipulate such conditions and restrictions . . . as will assure the use being compatible with the neighborhood in which it is to be located; or where that cannot be accomplished, to deny the use as not being in accordance with the adopted comprehensive plan or as being incompatible with existing uses or development permitted by right in the area.

Fairfax County, Va., Zoning Ordinance § 8-001 (1976).

The County's zoning ordinance provides that the Board must deny a proposed special use unless the following standards are satisfied:

> 2. The proposed use shall be in harmony with the general purpose and intent of the applicable zoning district regulations.
>
> 3. The proposed use shall be such that it will not adversely affect the use or development of neighboring properties in accordance with the applicable zoning district regulations and the applicable provisions of the adopted comprehensive plan. The location, size and height of buildings, structures, walls and fences . . . shall be such that the use will not hinder or discourage the appropriate development and use of adjacent or nearby land and/or buildings or impair the value thereof.

*Id.*, § 8-006.

The evidence presented to the Board revealed that Memorial Park's operation of the proposed crematory would emit hot gasses into the atmosphere and, approximately ten percent of the time, emit heavy black smoke. Residents of the neighboring community and a real estate broker familiar with the area testified that opera-

tion of the proposed crematory would affect adversely the property values of the adjoining residential community.

The decision to grant or deny a special use permit is a legislative, not an administrative function. *Bollinger* v. *Roanoke County*, 217 Va. 185, 186, 227 S.E.2d 682, 683 (1976); *Byrum* v. *Orange County*, 217 Va. 37, 41, 225 S.E.2d 369, 372 (1976); *Civic Assoc.* v. *Chesterfield County*, 215 Va. 399, 401-02, 209 S.E.2d 925, 927 (1974). Moreover, a legislative act is presumed to be valid, and the party challenging the action has the burden of rebutting the presumption. *Fairfax County* v. *Southland Corp.*, 224 Va. 514, 522-23, 297 S.E.2d 718, 722 (1982); *City of Richmond* v. *Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975); *Fairfax County* v. *Snell Corp.*, 214 Va. 655, 658, 202 S.E.2d 889, 892-93 (1974); *Board of Supervisors* v. *Carper*, 200 Va. 653, 660, 107 S.E.2d 390, 395 (1959). This is true whether the special use decision is made by the legislative body or pursuant to a delegation of power to a board of zoning appeals. *See Civic Assoc.*, 215 Va. at 401-02, 209 S.E.2d at 927.

A decision by a board of zoning appeals based upon correct principles of law is presumed correct and will not be disturbed on appeal unless plainly wrong or in violation of the purpose and intent of the zoning ordinance. *Bd. of Zoning App.* v. *O'Malley*, 229 Va. 605, 608, 331 S.E.2d 481, 483 (1985); *Bd. of Zoning App.* v. *Bond*, 225 Va. 177, 179-80, 300 S.E.2d 781, 782 (1983); *Packer* v. *Hornsby*, 221 Va. 117, 120, 267 S.E.2d 140, 141 (1980); *Alleghany Enterprises* v. *Covington*, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976). Zoning boards must exercise their expertise and discretion when making decisions on proposed special uses. Consequently, judicial interference is permissible only if the Board's action is arbitrary and capricious, constituting a clear abuse of its discretion. *O'Malley*, 229 Va. at 608, 331 S.E.2d at 483; *Board of Zoning Appeals* v. *Fowler*, 201 Va. 942, 948, 114 S.E.2d 753, 758 (1960).

The Board, applying the standards set out in the County's zoning ordinance, denied Memorial Park's application, stating in part:

(2) That the proposed use at the specified location is not in harmony with the general purpose and intent of the applicable Zoning District regulations; and

(3) That the proposed use at the specified location would adversely affect the use, development and value of neighboring properties in accordance with the applicable Zoning District regulations and the applicable provisions of the adopted Comprehensive Plan; and

(4) That the location of the existing structure in which the proposed use would be carried out is such that the proposed human and animal crematorium would hinder and discourage the appropriate use of adjacent and nearby residential developed property and would impair the value thereof; and

(5) That the applicant's proposed human and animal crematorium uses does [sic] not satisfy §8-006 (2) and (3) of the Zoning Ordinance . . . .

It is clear from the Board's opinion that it applied the correct principles of law as established by the zoning ordinance. Moreover, we find that the evidence, although conflicting, is sufficient to support the Board's conclusions. We must accord the Board's decision the presumption of correctness, and we will not substitute our judgment for that of the Board. Because the Board's decision is not plainly wrong and does not violate the purpose and intent of the zoning ordinance, we will affirm the judgment of the trial court.

*Affirmed.*