## CIRCUIT COURT OF FAIRFAX COUNTY

Ralph M. Leigh et al.

v.

Board of Zoning Appeals,
Town of Vienna

June 22, 1989

Case No. (Chancery) 109235

By JUDGE RICHARD J. JAMBORSKY

The above-referenced matter is before this Court on a writ of certiorari granted November 29, 1988, on the petition of Ralph M. Leigh and Joseph G. Chavez.

In 1988 Mr. Leigh, who is legally bound to purchase 304 Adahi Road S.E., Vienna, decided to subdivide his lot so that two residential structures could be built on the lot. Mr. Leigh applied for two building permits from Mr. Hembree, the Fairfax County Zoning Administrator, which were denied on the grounds that Mr. Leigh had not complied with the Zoning Administrator's interpretation of § 18-24(B), Town of Vienna Code (1982). On September 21, 1988, the Board of Zoning Appeals affirmed the Zoning Administrator's decision. On review of both the Zoning Administrator and Board of Zoning Appeal's decision, it is my opinion that both the Zoning Administrator and the Board of Zoning Appeals acted correctly in denying the building permits requested by Mr. Leigh. The relief requested by the petitioners must, therefore, be denied.

The Virginia Supreme Court has set forth the standard

12

of review by the Circuit Court of a decision of a Board of Zoning Appeals by stating:

> The decision of the board of zoning appeals is presumed to be correct on appeal to a circuit court; the appealing party bears the burden of showing that the board applied erroneous principles of law or that its decision was plainly wrong and in violation of the *purpose* and *intent* of the zoning ordinance, 233 Va. 3744 (1987) *citing Board of Zoning Appeals v. Bond*, 225 Va. 177, 179-180 (1983); *see also, National Memorial Park v. Board of Zoning*, 232 Va. 89 (1986). (Emphasis added.)

The facts disclose that Mr. Leigh's lot is three hundred feet by one hundred eight feet with 32,670 square feet of land. Mr. Leigh has provided for the fifty foot minimum width for both lots at the street line and an eighty foot width at the midpoint of "Lot A" by narrowing the width of "Lot B" in the intervening area to approximately twenty or twenty-five feet. (Director of Planning and Zoning September 9, 1988, staff report for September 21, 1988, meeting.)

Section 18-24(B) of the Town of Vienna Code (1982) sets forth the area requirements of lots. Lots must have a minimum lot width of eighty feet and a minimum width at the street line of fifty feet.

Although it appears that Mr. Leigh has technically complied with § 18-24(B) and therefore should be awarded two building permits, both the Zoning Administrator and the Board of Zoning Appeals interpret § 18-24(B) differently. Both the Zoning Administrator and Board of Zoning Appeals require a fifty foot minimum lot width extending from the street right of way to the midpoint of the lot in order to avoid the "pipe stemming" of lots. It appears from page 3 of the September 21, 1988, staff report submitted by the Director of Planning and Zoning that the individuals who drafted and adopted the 1982 § 18-24(B) revision explained to the Zoning Administrator that the purpose of adopting the 1982 version of § 18-24(B) was to avoid the pipe stemming of lots and provide for better planning of the community. The verbatim minutes of the September

21, 1988, Board of Zoning Appeals meeting contain testimony by Mr. Hembree which provides:

> I have talked to those who were actually involved in preparing that ordinance provision and the reasoning for the provision was to get away from pipe stem lots. Page 2 of September 21, 1988, minutes.

Page 6 of the Board of Zoning Appeals minutes of the September 21, 1988, regular meeting also provides:

> There is no evidence that proves the Zoning Administrator's interpretation is wrong. In the material provided, it seems that Mr. Hembree has talked to the Town staff and members of the Council, and it is the feeling that the intent of the Council in what they were trying to do has some impact.

Based on this standard of review and the testimony offered by Mr. Hembree at the Board of Zoning Appeals meeting, it appears that decision by the Board of Zoning Appeals was not in error. Both the Zoning Administrator and the Board of Zoning Appeals have interpreted § 18-24(B) in light of the intent and purpose of the council members who adopted § 18-24(B). That purpose being to avoid pipe stemming lots which would result were lots allowed to be subdivided with the width sizes that Mr. Leigh has attempted. Therefore, with the basic presumption that the Board of Zoning Appeals was correct in addition to the intent and purpose testimony [as to] § 18-24(B) and the lack of evidence by Mr. Leigh that the interpretation of Section 18-24(B) was plainly wrong, it cannot be said that the Board of Zoning Appeal's decision was incorrect.