## CIRCUIT COURT OF LOUDOUN COUNTY

Danforth A. Baker

    v.

Loudoun County School Board et al.

July 11, 1989

Case No. (Law) 10627

By JUDGE THOMAS D. HORNE

This is an action for Mandamus in which the Petitioner seeks the aid of the Court in seeking to retain his position as Activities Coordinator-Athletic Director at Park View High School in eastern Loudoun County. In his affidavit filed in support of his Petition, the Petitioner states that he is a teacher with continuing contract status. He states that he has not heretofore availed himself of administrative grievance procedures because:

> I was informed by the Superintendent, Deputy Superintendent, and my Principal that the only right I had was to speak informally to the School Board . . . .

The matter came to be heard upon Petitioner's Motion for a Temporary Injunction which would prohibit the Loudoun County School Board and Superintendent of Schools:

> from advertising, interviewing, negotiating, and doing any act which interferes with . . . Petitioner's right to serve as Activities Coordi-

nator-Athletic Director of the Park View High
School for the 1989-1990 school year . . . .

The time within which Defendants may file responsive
pleadings to the Petition for Writ of Mandamus has not
passed.

In order for the Petitioner to prevail upon his
request for temporary injunctive relief, he must not
only demonstrate that such relief is necessary to the
preservation of the status quo but that he is likely
to prevail on the merits of the case. *See generally* Bryson,
*Handbook on Virginia Civil Procedure*, p. 301 (2d ed. 1989).
As counsel for the Defendants have observed, teachers
are assigned to their positions each year and may be re-
assigned during the school year provided a reassignment
during a school year shall not affect the teacher's salary.
Sections 22.1-297, 22.1-304 Code of Virginia, as amended. In
addition, assignment of teachers within a school division
is not "grievable" within the context of the statutory
grievance procedures applicable to teachers. Section
22.1-306, Code of Virginia, as amended.

Accordingly, the request for the award of a temporary
injunction must be denied as the Court cannot conclude,
in light of the discretion granted the School Board to
affect transfers, that it is likely that the Petitioner
will prevail on that portion of his prayer for relief
which would prohibit the Board from filling the position
he previously held at Park View High School as Activities
Coordinator-Athletic Director.

Furthermore, the Petitioner has not heretofore availed
himself of the administrative grievance procedures provided
by the statute and by regulations of the Virginia Board
of Education. Although it is suggested that the Petitioner
failed to note a grievance within fifteen working days
following the event giving rise to any such grievance,
this does not preclude him from seeking to establish "just
cause" for his failure to comply with such procedure re-
quirements. Subsection 2.2, 2.4, *Procedure for Adjusting
Grievances.* As a determination as to the grievability
of the other matters raised in the Petition are not before
the Court on their request for temporary relief, the Court
will not address them at this time.

The Court, upon the evidence before it, for purposes of consideration of the instant motion has assumed, without finally deciding, that the Petitioner is a "teacher" within the contemplation of the provisions of Article 3 of Chapter 15 and the regulations of the State Board.

Mr. Chapman may draw an Order denying the request for a temporary injunction and continuing the matter on the docket of the Court to which counsel for the Petitioner may note his exception.