## CIRCUIT COURT OF FAIRFAX COUNTY

Omar S. Zaki et al.

v.

Gulshan Oberoi et al.

September 20, 1989

Case No. (Chancery) 112263

By JUDGE THOMAS S. KENNY

On August 22, 1989, I granted the Complainant's motion for a temporary injunction reinstating him to his position under the shareholders' agreement of December, 1982. The matter is now before me on the Defendant's motion to reconsider that ruling. In addition to argument heard on September 1st, I also heard testimony on September 19th with respect to newly-discovered evidence. After careful consideration of the authorities submitted and arguments advanced, I am denying the motion to reconsider.

This is a preliminary injunction matter and not intended by the litigants or the Court to be finally dispositive of the status of the various shareholders. I recognize, however, that my ruling amounts to a declaratory judgment on the validity of the 1982 shareholders' agreement -- indeed, I said as much in my bench ruling on August 22nd -- and so I want to explain in more detail

my reasoning in reaching this ruling, for the sake of assisting counsel in appealing or resolving this case.

Because this is a preliminary injunction case, the usual standards of irreparable harm, likelihood of success on the merits, and no adequate remedy at law should apply. The question is who they should apply to -- in other words, who should carry the burden of proof?

The Defendants say that the Complainant should have the burden of meeting these standards, since he is the one seeking to change the *status quo* as it existed when this suit was filed. Normally, one seeking an injunction would have this burden.

On the other hand, the Complainant contends, in effect, that the Defendants have the burden, since they are the ones who are seeking to change the *status quo* as it existed under the 1982 agreement before Dr. Zaki was removed as "managing partner" (a term I will use to describe his status for lack of a better one). In other words, the Complainant wants the Defendants to have to prove that they would be irreparably harmed, etc., if Dr. Zaki remained as managing partner.

I believe that in a situation of this sort, the balance of equities requires me to accept the Complainant's position. Under the 1982 agreement, he is entitled to serve as managing partner until he is removed in accordance with the terms of the agreement. By putting the burden on the Defendants to prove that Dr. Zaki should be enjoined from so serving restores the agreement to its controlling position in the affairs of the business.

Such an approach assumes that a shareholders' agreement which provides for management control to be vested in one party is valid and not contrary to public policy. I hold that where an agreement providing for such control also provides a reasonable mechanism for correcting abuse, and all shareholders are signatories thereto, the agreement does not contravene public policy and any relief from claimed abuse must be found in accordance with its pre-scribed procedures.

The authorities cited by Defendants to the contrary are not on point. In *Wilson v. McClenny*, 262 N.C. 121, 136 S.E.2d 569 (1964), for example, the control agreement involved a small group of directors of a widely held company, and not even all the directors knew of the agree-

ment. In *Lubliner v. Sylu Knitting Mills, Inc.*, 213 N.Y.S.2d 726 (1961), the control agreement apparently had no mechanism in place for correcting an abuse of control.

Parties should have the right to bargain among themselves for the management of their business affairs, including the mechanisms of change. If I were to permit the Defendants here to unilaterally throw out the bargain, then the bargain becomes meaningless.

The 1982 shareholders' agreement sets the standards for the *status quo ante* that the temporary injunction is to preserve. It has been conceded that the Defendants have not availed themselves of the relief mechanism (a court finding of embezzlement, gross mismanagement, or fraud on the stockholders) provided in the agreement. Defendants contend that Dr. Zaki has committed gross mismanagement and fraud and that he should be kept out of management, pending a court finding to that effect. However, for me to do that, the Defendants would have to establish that (i) they would be irreparably harmed by leaving Dr. Zaki in control pending such a court finding; (ii) they have a substantial likelihood of success on the merits in obtaining such a court finding; and (iii) they would have no adequate remedy at law if Dr. Zaki is not immediately removed.

I do not think that standard is met here. Irreparable harm is possible but would almost certainly be as attributable to general shareholder paralysis as it would be to Dr. Zaki's continued management of the business. A likelihood of the Defendants' success on the merits is very possible -- maybe even probable -- but that will not, in and of itself, persuade the Court to use its extraordinary temporary injunction powers to upset the *status quo ante*. Finally, Defendants almost certainly will have an adequate remedy at law, for if this case is about anything, it is money.

For all of these reasons, then, I believe that my ruling of August 22nd reinstating Dr. Zaki to his position as "managing partner" should stand.