## CIRCUIT COURT OF FAUQUIER COUNTY

Bruce G. Sundlun et al.

v.

Board of Zoning Appeals
of Fauquier County et al.

January 8, 1991

Case No. (Chancery) CH 90-4

By JUDGE JAMES H. CHAMBLIN

On November 15, 1990, the Court heard oral argument on the following:

1. The Demurrer of all the defendants (except Robert E. LaRose and Gail H. LaRose) to the Petition for Writ of Certiorari.

2. The petitioner's Motion for Admission of Evidence to the Record.

Based upon counsel's statements at oral argument, the Court deferred deciding the contested issues with the hope that some, if not all, of them could be resolved. However, on December 19, 1990, counsel advised the Court that it needed to decide the issues raised.

For the reasons hereinafter set forth, the Demurrer is sustained, and the petitioner's Motion is denied at this time.

## I. *Demurrer*

Each ground of the Demurrer is addressed below.

A. *Demurrer of the individual members of the BZA of the ground of immunity*

The petitioners have made the individual members of the BZA parties defendant to their Petition for a Writ of Certiorari under § 15.1-497. The petitioners ask the Court to review a decision of the BZA on December 7, 1989, granting a special permit to Robert E. LaRose and Gail H. LaRose to allow the construction on property owned by them in Fauquier County of a dwelling with a building height in excess of the maximum height permitted by the Zoning Ordinance.

In a proceeding under § 15.1-497, the Court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review." A decision to grant or deny a special permit is a legislative decision. *National Memorial Park v. Board of Zoning Appeals of Fairfax County*, 232 Va. 89 (1986). The members of the BZA are "immune from suit arising from the exercise or failure to exercise their discretion or governmental authority as members of" the BZA under § 15.1-7.01 unless their conduct constitutes "intentional or willful misconduct or gross negligence." There are no allegations in the Petition of such misconduct or gross negligence.

The members of the BZA are immune from suit. The Demurrer of the individual members of the BZA is sustained on this ground, and they are dismissed as parties defendant.

B. *Demurrer of individual members of BZA on ground that BZA can only act as an entity and Section 15.1-497 is a judicial review of the decision of the BZA*

Section 15.1-497 provides a specific procedure by which an aggrieved person can by right have the decision of the BZA reviewed by the Court. Within the procedural framework of the statute, the Court reviews the decision of the BZA, and after such a review, the court may reverse or affirm, in whole or in part, or modify the decision. The individual members of the BZA act only as an entity.

*See, e.g., Kentucky v. Graham*, 105 S.Ct. 3099 (1985). Under Section 15.1-497, the Court does not review the individual actions of each member of the BZA, but it reviews the decision of the BZA. The relief afforded under § 15.1-497 concerns only the decision of the BZA, and not the member's past of future actions. The Court can grant all the relief provided in § 15.1-497 without ordering the individual members of the BZA to act or refrain from acting.

The Demurrer is sustained on this ground.

C. *Demurrer of the defendants on the ground that a challenge to the authority of an individual member to sit on the BZA or to the composition of the BZA cannot be made under Section 15.1-497.*

At oral argument, counsel for the petitioners asserted that they are aggrieved by:

(1) the decision of the BZA to grant the special permit; and

(2) the decision of the BZA not only to hold a public hearing on the application for the special permit at a time when the BZA had seven court-appointed members as a result of a BZA by-law change, although the zoning ordinance provided for only five members, but also to reduce its membership from seven to five before voting to grant the special permit.

Clearly, under § 15.1-497, the petitioners are entitled to a judicial review of the decision of the BZA to grant the special permit. However, the defendants assert that the actions or decisions of the BZA set forth in subparagraph (2) above are not subject to review in a proceeding under § 15.1-497. In other words, the defendants assert that the composition of the BZA or the authority of a member of the BZA to sit cannot be challenged in the "by right" proceeding under § 15.1-497.

Counsel have not cited, and I have not found any authority directly on point. However, there is some authority not directly on point that is helpful.

In *Matthews v. Greene County & Boards*, 218 Va. 270 (1977), a landowner sought a special use permit from the board of zoning appeals under an interim ordinance. He was denied the permit, and he petitioned the circuit court for certiorari to review the board's action. After a

hearing, the decision of the board was upheld by the court. Thereafter, the landowner filed a suit for a declaratory judgment challenging the validity of the interim ordinance. The Virginia Supreme Court held that, because different issues were involved, the landowner was not barred by the adjudication in the certiorari proceeding from challenging the validity of the interim ordinance in the declaratory judgment proceeding. Whether or not the constitutionality of the interim ordinance could have been determined in the certiorari proceeding was not decided by the Supreme Court. 218 Va. 284. However, it did state that even if the constitutionality of the interim ordinance could have been determined in the certiorari proceeding the issue could properly be made the subject of a separate suit. *See, Carter v. Hinkle*, 189 Va. 1 (1949).

In *Albemarle Oil Co. v. Morris*, 138 Va. 1 (1924), a writ of *quo warranto* was recognized as a permissible procedure to contest the validity of the organized government of the City of Charlottesville. In *Brown v. Baldwin*, 112 Va. 536 (1911), it was held that a court of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office because such questions are of a purely legal nature and cognizable only by a court of law. *See also, Sinclair v. Young*, 100 Va. 284 (1902) (which also holds that mandamus can be used to try title to office). The validity of an ordinance may also be challenged by a declaratory judgment proceeding. *See, Cupp v. Board of Supervisors*, 227 Va. 580 (1984); *Board of Supervisors v. Rowe*, 216 Va. 128 (1975).

Considering the cases cited above and the language, purpose and scope of § 15.1-497, I am of the opinion that a petitioner in a certiorari proceeding to review a decision of the BZA cannot challenge the composition of the BZA or the authority of a member to sit on the BZA. *See* 14 C.J.S., *Certiorari*, Section 154.

Section 15.1-497 provides for a judicial review of a *decision* by the BZA. If the BZA is not properly constituted, then its decision is null and void, and there would be no decision for the court to review. In their Petitioner, the petitioners allege that the actions of the BZA are null and void. The relief available to an aggrieved person under § 15.1-497 presupposes a valid

decision of the BZA. If the decision is null and void, there is no decision for the court to reverse, affirm or modify.

There is nothing in the language of § 15.1-497 to indicate an intent on the part of the legislature to give an aggrieved person *the right* to have a circuit court review the legality of the composition of the BZA or the authority of a member to sit on the BZA in a certiorari proceeding. The decision of a BZA on a matter before it is all that an aggrieved person has a right to require a circuit court to review. There is no right to a judicial review of the power or the authority of a BZA to make a decision. A "by right" proceeding should not be expanded to include a "not by right" remedy.

The petitioners are not without a remedy even if this Court were to affirm the decision of the BZA in this proceeding. Under the reasoning of *Matthews*, the petitioners would not be barred from adjudicating the legality of the composition of the BZA or the right of a member to sit on the BZA in a separate suit. I express no opinion on what may be the nature of such a "separate suit" (to use the language of *Matthews*).

If this Court could in a certiorari proceeding determine whether or not the BZA is properly constituted and still give the relief provided by the statute, then under certain circumstances, it could be violative of the doctrine of separation of powers. Because this is a statutory judicial review of a decision of the BZA, this Court cannot grant relief other than that allowed by the statute. All this Court may do is reverse the decision (in this case, granting of the special permit would be denied); affirm the decision (in this case, the granting of the special permit would stand); or modify the decision (in this case, e.g., grant the special permit under conditions, if otherwise permissible). There is no relief available under the statute in the form of an adjudication that the decision of the BZA is null and void. If the Court in a certiorari proceeding could declare the decision null and void and then grant relief as allowed by § 15.1-497, then this Court would be exercising a legislative function which is vested in the BZA in the first instance, subject only to review by a court. *See, National Memorial Park v. Board of Zoning Appeals of Fairfax County*, 232 Va. 89 (1986)

(decision to grant or deny a special use permit is a legislative function).

Even if the constitutionality of the ordinance under which a BZA acted could be challenged in a certiorari proceeding under § 15.1-497, it would not mean that the composition of a BZA or the authority of a member of a BZA to sit could also be challenged in such a proceeding. In the former situation, there would still be a decision of the BZA that could be reviewed by the Court. As an extreme example, the BZA could deny a request under what it deemed an unconstitutional ordinance and that decision could be affirmed by the circuit court. In any event, there still would be a decision for review.

The Writ of Certiorari granted by this Court on May 15, 1990, was requested by the petitioners and so granted by the Court with the exception of paragraphs 6 and 7 on page 3 thereof. The Writ clearly applies only to a review of the granting of the special permit. Paragraphs 6 and 7 were deleted by the court solely because they were not matters required to be returned pursuant to the writ under § 15.1-497, but, at most, may be additional evidence needed by the court to review the decision of the BZA.

The Demurrer is sustained on this ground.

## D. *Demurrer of Defendant, Carolyn G. Bowen, Zoning Administrator*

The Demurrer of the Zoning Administrator is sustained because no claim is made against her under the Petition, and § 15.1-497 applies to a review of decisions by the BZA and not decisions of the Zoning Administrator. Although the Zoning Administrator may have a duty to keep members of the BZA advised of certain matters, this does not provide a ground for making the Zoning Administrator a party defendant to a certiorari proceeding under § 15.1-497. The Zoning Administrator is dismissed as a party defendant.

## II. *Petitioner's Motion for Admission of Evidence to Record*

This Motion, which as filed on November 13, 1990, asks that certified copies of certain orders of this Court

concerning the appointment of certain members of the BZA be "admitted and entered as a part of the record in this proceeding." The Motion is denied at this time because such orders appear to involve only the issue of the composition of the BZA which 'cannot be raised in this certiorari proceeding for the reasons set forth above. Also, this proceeding has not gone far enough for this Court to decide whether additional evidence is needed for the proper disposition of the matter as allowed by § 15.1-497.

## III. *Order of the Court*

The Demurrer is sustained for the reasons stated above, and no leave will be granted to amend the Petition. The petitioners cannot replead to cure the deficiencies or change the rulings of the Court. The return of the BZA was filed on April 13, 1990. This case is in the posture of proceeding with a hearing on the Court's review of the decision of the BZA.