## CIRCUIT COURT OF FAIRFAX COUNTY

Robert T. Plate

v.

Kincannon Place
Condominium Unit
Owners' Association
Board of Directors

April 5, 1993

Case No. (Chancery) 128638

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court was brought pursuant to § 8.01–184 *et seq.* of the Code of Virginia, 1950, as amended. The complainant seeks a Declaratory Judgment setting forth the scope of a condominium association's authority to regulate parking on property owned by the association. Correlatively, the complainant seeks a temporary injunction to enjoin the association from towing vehicles parked by the complainant on the condominium property, pending final adjudication of this matter.

Complainant is the owner of several units in a condominium project known as United American Business Center at Hilltop. He operates a vehicle repair business on the premises. The defendant is the Board of Directors of the condominium unit owners' association. In addition to complainant's auto body shop, the type of businesses operated on the condominium property relate primarily to the construction and building industry. All unit owners have an undivided interest in the common elements of the condominium and are assessed condominium fees for maintenance and operation of the common elements in proportion to their ownership interest. (Declaration, Article II) The Common elements are used for ingress and egress and to meet the parking needs of

each individual business, including employee and visitor parking needs.

The Declaration of the Condominium was recorded among the land records of Fairfax County and reserves a limited common element for the exclusive use of the complainant. The Bylaws give the Board the authority to regulate and/or assign vehicular parking on the limited common elements and the common elements of the condominium. Article X, Section 4(b)(2), of the Bylaws prohibits "inoperable, junk, or stored vehicles, including any vehicle bearing expired registration tags" from being parked on these elements.

In conjunction with his auto body business, the complainant generally uses between 45 and 80 of the 110 available parking spaces on the common elements to meet the needs of his business. Most of the cars parked are being held pending repair. In the latter part of 1992, after notices of violation had been issued to complainant, allegedly without response, the complainant was notified by the condominium's property manager that the Board of Directors intended to have "any vehicle . . . towed from the Limited Common Elements or Common Elements . . . and charge the Unit Owner responsible for any expenses or liability incurred." Respondent acted, in part, on the grounds that the complainant was parking inoperable, junk, or stored vehicles on the premises. The complainant filed this action as a result.

Subsequently and before the matter was heard, the respondent Board of Directors issued a new parking regulation which assigns each condominium unit owner a certain number of marked parking spaces on the common elements for use by that owner. The regulation was adopted after reviewing the business needs of each unit owner. Complainant declined to participate in the discussions held by the Board regarding parking allocations but was assigned 28 of the 110 available parking spaces. The new regulation was made part of this action after complainant was granted leave to file a Second Amended Bill of Complaint for Declaratory Relief, incorporating the issue.

In his original Bill of Complaint, as amended, complainant alleges that, by its notice to tow vehicles from the premises, the respondent "selectively, unreasonably, arbitrarily, and capriciously enforces the Bylaws, threatening to substantially injure his business." (Amended Bill of Complaint for Declaratory Judgment, paras. 18 and 19.)

With respect to the new regulation, complainant alleges that the Board's allocation of spaces "bears no relation to the legitimate busi-

ness needs of the unit owners" and that the complainant's business requires the use of substantially more than the number of spaces assigned to him. (Second Amended Bill of Complaint for Declaratory Relief, paras. 28 and 32.) Complainant further alleges that the assignment of spaces unduly restricts his ability to serve the needs of his customers and "will substantially reduce the value of complainant's business." (Second Amended Bill of Complaint for Declaratory Relief, paras. 34 and 35.)

The factors to be balanced by the court in determining whether to issue a preliminary injunction include: the likelihood that the plaintiff will prevail on the merits at the final hearing; irreparable injury to the plaintiff if no injunction is issued; injury to defendant if the injunction is issued; whether an adequate remedy at law exists; the interests of the public. *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); *Zaki v. Oberoi*, 18 Va. Cir. 209, 210 (Fairfax County 1989); *Heublein, Inc. v. Dept. of A.B.C.*, 12 Va. Cir. 1 (Fairfax County 1985), reversed on other grounds 237 Va. 192 (1989). While the harm to the complainant relative to that of the respondent are the two factors considered paramount, they must be weighed in relation to complainant's likelihood of success on the merits. *Doe v. Shenandoah County School Bd.*, 737 F. Supp. 913 (W.D. Va. 1990); *Proffit v. United States*, 758 F. Supp. 342 (E.D. Va. 1990).

In light of these factors, a temporary injunction will issue against the towing of vehicles which the respondent defines as "inoperable, or stored," since to deny the relief requested would irreparably harm the complainant, and I find he is likely to prevail on the merits in the final hearing.[1] The respondent defines "inoperable" vehicles to include vehicles which are temporarily inoperable in that they cannot be driven to and from the premises. I defines "stored" vehicles as vehicles which are part of inventory or being held pending repair. I find that the definitions urged by the respondent are inconsistent with the intent of the parties. Furthermore, the application of the respondent's definition of the terms unreasonably restricts and, indeed, may prohibit the operation of complainant's business. I specifically find that only vehicles

---

[1] I denied the injunction relating to the towing of junked vehicles at the hearing, finding that the Bylaws clearly prohibit parking "junked" vehicles on the common elements, defining them as vehicles which have been declared "totaled" or are otherwise found to be beyond repair and/or not intended to be repaired.

not intended to be repaired are to be included in the definition of "inoperable" and "stored."

With respect to vehicles parked in the limited common elements reserved to the complainant's exclusive use, a temporary injunction will also issue prohibiting the respondent from placing restrictions on the parking of vehicles by the complainant in the limited common elements since, under the Bylaws, Article X, Section 4(b), they are reserved to his exclusive use and may not be made subject to the restrictions at issue.

The respondent will not be enjoined from towing any vehicle parked outside the spaces specifically assigned to the complainant in the common elements pursuant to the regulation adopted by the respondent on January 20, 1993. In balancing the relevant factors, I find that the complainant has not shown on this issue that (1) the "decided imbalance of hardship" lies with him and (2) that he will likely prevail on the merits. *See, id.; see also, Brookfield Centre Ltd. Partnership v. CFS Mgt. Co.*, 133 Bankr. 74, 75 (E.D. Va. 1991); *Baker v. Loudoun County School Board*, 17 Va. Cir. 217, 218 (1989).

With respect to the likelihood complainant will prevail on the merits, my inquiry has been focused on whether the respondent Board has acted within the scope of its authority as defined under the Bylaws and whether it has adopted a limitation on the use of property which is reasonably related to a legitimate purpose. *See, Unit Owners Assoc. of Build America-1 v. Gillman*, 223 Va. 752, 770 (1982). The Board of Directors in this case has the authority to regulate parking on the common elements pursuant to Article X, Section 4, of the Bylaws, and there is insufficient evidence to support the conclusion it has acted unreasonably in exercising that authority in adopting the January 20, 1993, regulation. *See, Friedberg v. Riverpoint Building Committee*, 218 Va. 659, 665 (1977); *Countryside Proprietary, Inc. v. King*, Chancery No. 12815 (Loudoun County Cir. Ct., 1991).