## CIRCUIT COURT OF SHENANDOAH COUNTY

Wade A. Seekford
and Jacqueline K. Seekford

v.

Zoning Appeals Board
of the Town of New Market

May 27, 1999

Case No. (Law) CL99-15

BY JUDGE DENNIS L. HUPP

Wade A. Seekford and Jacqueline K. Seekford, petitioners, have petitioned this Court for review of a decision made by the Board of Zoning Appeals for the Town of New Market (hereinafter BZA), and this Court has allowed a writ of certiorari for such review, all pursuant to Virginia Code § 15.2-2314. The BZA has filed the record of its proceedings, and I have reviewed this record. I see no reason to take further evidence as would be allowed under the cited statute.

The petitioners operate a paving and sealing business known as W. A. Seekford & Sons, Inc. The petitioners own real estate in the Town of New Market which is zoned residential (R-2). They seek to use this property for storage of equipment, supplies, and materials used in connection with that business and, according to their petition to this Court, also for trucking and truck repair. The zoning administrator for the Town of New Market limited the commercial use of the property to the parking of vehicles only. On appeal, the BZA affirmed the zoning administrator's decision. This Court now reviews the BZA's decision.

"The BZA's decision is presumed to be correct and can be reversed or modified only if the trial court determines that the BZA applied erroneous principles of law or was plainly wrong in violation of the purposes and intent of the zoning ordinance." (Citations omitted.) *Foster v. Geller*, 248 Va. 563 at 566 (1994). This standard of review applies whether the BZA's decision is administrative in nature, as was the case in *Foster*, or legislative in nature, as was the case in *National Memorial Park v. Board of Zoning*, 232 Va. 89 (1986). In the present case, the BZA's decision was administrative in nature in that it involved an appeal from a decision made by the zoning administrator. The petitioners bear the burden of proving that the BZA applied erroneous principles of law or was plainly wrong. *Foster* at 566.

The petitioners contend that their use of the property is "grandfathered" under § 70-162 of the New Market Zoning Ordinance. At the time the zoning ordinance was enacted, a vehicle towing and repair business was operated on the subject property. Within two years of the discontinuation of that business (see § 70-162(c)), a subsequent tenant began using the property for storage of vehicles, equipment, materials, and supplies used in his paving and sealing business. Without lapse, the petitioners have continued using the property in the same manner and contend that this is a continuation of the nonconforming use in existence at the time the zoning ordinance was enacted. The zoning administrator, with the advice of the town attorney, determined that petitioners' use of the property was different from the grandfathered use and thus prohibited under the existing zoning ordinance; but, he also determined that the petitioners could park vehicles on the property, since this was a more restricted use of the property and one which had been necessarily part of the previous commercial enterprise operated there. The BZA affirmed this decision.

The law does not favor nonconforming uses. *City of Chesapeake v. Gardner Enterprises*, 253 Va. 243 at 248 (1997). We must look at the character of the use made at the time the zoning ordinance was enacted to determine whether the present use is a continuation of the former. *Knowlton v. Browning-Ferris*, 220 Va. 571 at 576 (1979). The operation of a commercial enterprise at the time a residential district is created under the zoning ordinance does not create a right to operate *any* commercial enterprise on the premises but only the particular type of enterprise operated at the inception of the ordinance. We need not engage in a debate as to whether the subsequent commercial enterprise makes more or less intensive use of the property or whether it affects neighboring property owners more or less. Here, the paving and sealing business, even though it may incidentally involve

vehicle repair, is a different commercial enterprise from vehicle towing and repair. It is not, in my opinion, a continuation of the nonconforming use.

The Virginia Supreme Court has ruled that a nonconforming use which is merely incidental to a permitted use cannot serve as the basis for continuation of the nonconforming use independently of the permitted use. *Knowlton* at 575-76. That being the rule of law, certainly a nonconforming use which is merely incidental to a grandfathered nonconforming use cannot continue independently thereof. Here, the petitioners contend that, since their commercial operations involve trucking and truck repair and those activities are similar to vehicle towing and repair operations previously conducted on the premises, they are engaged in a continuation of the previous nonconforming use. Trucking and truck repair, however, are incidental to their paving and sealing business. The former cannot open the door to the latter.

I affirm the decision of the Board of Zoning Appeals.