## CIRCUIT COURT OF HENRY COUNTY

Alec C. Wilson et al.

v.

Henry County
Zoning Appeals Board
and Glenn Wesley Compton

August 3, 2005

Case No. CL05-98

BY JUDGE G. CARTER GREER

In this *certiorari* proceeding, pursuant to Va. Code § 15.2-2314, the petitioners seek a restraining order to prohibit the respondent, Glenn Wesley Compton, the grantee of a special use permit issued by the Board of Zoning Appeals (BZA), from taking any action to operate a shooting range under the terms and conditions of the special use permit *pendente lite*. Although this suit is not a chancery cause, the parties jointly suggest that this court weigh the factors enumerated in *Blackwelder Furn. Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), in deciding whether to award injunctive relief. Other circuit courts have applied the *Blackwelder* analysis in cases for preliminary injunctions, *see, e.g., Plate v. Board of Directors, Kincannon Place Condo*, 30 Va. Cir. 323 (1993), but there is no reported decision, either on the trial or appellate level, dealing with the proper standard for issuing a restraining order under § 15.2-2314. Since a restraining order has the same practical effect as a preliminary injunction, this court will follow *Blackwelder*.

In determining whether to grant a restraining order, the court must balance (1) the likelihood of irreparable harm to the plaintiffs if the injunction is denied; (2) the likelihood of harm to the defendant if it is granted; (3) the likelihood that the plaintiffs will succeed on the merits; and (4) the public interest. *See Child Evangelism v. Montgomery County*,

373 F.3d 589, 593 (4th Cir. 2004); *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004), following *Blackwelder*. While the first two factors are considered paramount, they "must be weighed in relation to [plaintiffs'] likelihood of success on the merits." *Plate, supra,* at 325. At the outset, the court is mindful that "the decision of the board of zoning appeals shall be presumed to be correct." § 15.2-2314, Code of Virginia. *See also Foster v. Geller*, 248 Va. 563, 449 S.E.2d 802 (1994); *National Memorial Park v. Board of Zoning Appeals*, 232 Va. 89, 348 S.E.2d 248 (1986). However, having weighed the *Blackwelder* factors, the court is of the opinion that the likelihood of irreparable injury to the petitioners is greater if the restraining order is denied than the likelihood of harm to the respondents if the restraining order is granted. Furthermore, the court is of the opinion that the petitioners are likely to prevail on the merits.

The most significant factor in the court's analysis is the BZA's imposition of certain conditions affecting petitioners' use of a twelve foot road established by order of this court entered on December 28, 2004, in the case styled *A. C. Wilson et al. v. Glenn Wesley Compton, et al.*, Case No. CL01-235. The special use permit, which the BZA approved on May 4, 2005, contains fourteen conditions, one of which appears to impair property rights of the petitioners and the public at large. Condition thirteen states that "[t]he 12 foot road that provides access to the property will be restricted to one way traffic between the end of Ravenswood Lane (State Route 686) and the entrance to the range," and that "[a]n electronic traffic signal system will be installed to control traffic on this segment of the 12 foot road."

In the ejectment action referred to above, this court specifically found "as a matter of fact that Old Marrowbone Road continues to exist over the property of the Plaintiffs . . . and said Old Marrowbone Road provides access to the property" of Compton. Although there was no adjudication of the present petitioners' rights to use the road in that case, relying on *Moody v. Lindsey*, 202 Va. 1, 115 S.E. 894 (1960), Judge Williams concluded that Old Marrowbone Road had not been abandoned. Implicit in the court's decision was that Old Marrowbone Road is a public road, not an easement for the exclusive use of Compton. A public road "is a way common to *all* persons. . . ." R. C. Minor, *Law of Real Property* (2d ed. 1928), vol. 1, p. 154 (emphasis in original).

Although § 21-210 of the Henry County Code permits the BZA to require "such conditions and restrictions upon the establishment, location, and construction of the special use necessary for the protection of the

public interest," neither this ordinance nor any statute authorizes the BZA to impose conditions upon the use of a public road. The petitioners whose lands adjoin Old Marrowbone Road have a co-extensive right with that of Compton to use the road for purposes of ingress and egress to their respective parcels. The evidence at the hearing was uncontradicted that the land of petitioners Kennon and Martha Cox lies between the proposed signals, and that, when leaving their parcel, they would have no way of knowing in which direction shooting range traffic would be traveling. The evidence further showed that the gravel road travels over Tract X, which is petitioner Alec Wilson's only access to Tract 80. Were the signal system to be utilized in accordance with the special use permit, this action would interfere with the ability of the petitioners, and the public at large, to use Old Marrowbone Road.

The court grants the request for a restraining order.