# CIRCUIT COURT OF HENRY COUNTY

Alec C. Wilson et al.

v.

Henry County
Zoning Appeals Board
and Glenn Wesley Compton

November 4, 2005

Case No. CL05-98

BY JUDGE G. CARTER GREER

 In this *certiorari* proceeding, pursuant to Va. Code § 15.2-2314, the court reviews the decision of the Henry County Board of Zoning Appeals ("BZA"), which on May 4, 2005, issued a special use permit to Glenn Wesley Compton for the purpose of operating a shooting range. Mr. Compton's parcel on which he proposes to construct a shooting range carries an agricultural classification, and, therefore, a special use permit is required under § 21-302 of the Henry County Code. The court conducted an evidentiary hearing on July 25 and 27, 2005, following which hearing, the court entered a restraining order against the respondents *pendente lite*. Seeing no need for the taking of any further evidence, the court directed the parties to submit briefs limited to the issue of the power of the BZA to impose conditions on the use of a public road. Having considered the briefs and the extensive record in this case, the court finds that the BZA applied erroneous principles of law and reverses the decision of the BZA.

In granting a special use permit, § 21-210 of the Henry County Code allows the BZA to "require . . . such conditions and restrictions upon the establishment, location, and construction of the special use necessary for the protection of the public interest. . . ." *Id.* The transcript of the public hearings demonstrates the concern of the BZA for traffic congestion on Old Marrowbone Road as a result of the operation of the shooting range. Consequently, the BZA imposed the following condition on the special use permit:

> The twelve foot road that provides access to the property will be restricted to one way traffic between the end of Ravenswood Lane (State Road 686) and the entrance to the range. An electronic traffic signal system will be installed at the end of Ravenswood Lane and at the entrance to the range, traffic will be directed to proceed or stop, and the road will be restricted to one way traffic, no two way traffic to get on anyone else's land. On event days when non-member guests will be entering and [exiting] the range property, range members with two-way radios will be posted at each end of the segment of the twelve foot road that provides access to the range property to control the efficient flow of one way traffic.

See Transcript of Public Hearings, pp. 189-90.

In *A. C. Wilson et al. v. Glenn Wesley Compton et al.*, Case No. CL01-235, of which the court takes judicial notice, this court held that Old Marrowbone Road had not been abandoned, that it continues to exist, and that it provides access to Mr. Compton's property. As the court noted in its letter opinion of August 3, 2005, implicit in the court's decision was that Old Marrowbone Road is a public road, notwithstanding that it is not state-maintained.

The BZA argues that, under § 21-210 of the Henry County Code, it has the authority to regulate traffic on a public road; however, this argument is unpersuasive. Section 21-210 obligates the BZA to follow certain standards in acting upon a special use application. Among the guidelines that the BZA is required to consider are "[t]hat adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets. . . ." *Id.* That the BZA must consider the impact of a special use permit on traffic congestion does not empower the BZA itself to regulate traffic,

a function that is the province of the Department of Transportation with respect to state secondary roads. *See* § 33.1-69, Code of Virginia. The local governing body of a county, in this case the Henry County Board of Supervisors, "may adopt ordinances . . . to regulate the operation of vehicles on the highways" in such county, § 46.2-1300 of the Code of Virginia, but there is no statutory authorization for the BZA to regulate traffic under the guise of a special use permit.

In imposing conditions upon a special use permit, the BZA cannot impair the property rights of those foreign to the application. In other words, though the BZA has the prerogative to make requirements for the "establishment, location and construction of the special use," those requirements cannot burden anyone but the applicant. In this case, were the court to allow the special use permit to stand, the vested property rights of all persons entitled to use Old Marrowbone Road would be adversely affected. A public road "is a way common to *all* persons Ψ." Minor, *Law of Real Property*, v. 1, 2d ed., Michie Co. (Charlottesville: 1928), p. 154 (emphasis in original). The BZA cannot create in the applicant a property right that is superior to the property rights of the public at large to the use of a public road.

The BZA further argues that, even if the traffic control condition is invalid, "the decision of the BZA to issue the permit is presumed correct and the Court has the authority to modify the offending conditions and uphold the BZA issuance of the permit." Respondent's Brief, p. 3. This argument, in effect, raises two points, which the court will discuss *seriatim*.

The court is mindful that "the decision of the board of zoning appeals shall be presumed to be correct." Va. Code Ann. § 15.2-2314. Nevertheless, the petitioners may rebut the presumption "by showing to the satisfaction of the court that the board of zoning appeals applied erroneous principles of law. . . ." *Id. See City of Suffolk v. Board of Zoning Appeals*, 266 Va. 137, 580 S.E.2d 796 (2003); *Foster v. Geller*, 248 Va. 563, 449 S.E.2d 802 (1994); *National Memorial Park v. Board of Zoning*, 232 Va. 89, 348 S.E.2d 248 (1986); *Board of Zoning Appeals v. Bond*, 225 Va. 177, 300 S.E.2d 781 (1983). Since the BZA applied erroneous principles of law, the presumption has been rebutted.

It is true, as the BZA argues, that, under these circumstances, the court has the statutory authority simply to modify the decision of the BZA by invalidating the offensive condition and allowing the special use permit to stand as modified. *See* § 15.2-2314, Code of Virginia. The BZA points out that it imposed thirteen additional conditions, following the reception of a "detailed permit application," "an exhaustive public hearing," and "onsite inspections of the property." Respondent's Brief, p. 4. The court is not persuaded that the special use permit should stand as modified, for even a cursory reading of the

transcript reveals that the installation of a traffic control system on Old Marrowbone Road was the most important criterion in the decision to issue the special use permit. *See* transcript, pp. 172-75. For example, during the public hearing, Lee Clark, the zoning administrator stated: "And, you know, if you deemed that twelve-foot access to be adequate, it has to be with the condition that this signal lighting system that they have proposed be a condition of it. . . ." Transcript, p. 175. Were the court to allow the special use permit to remain in effect without that condition, the court would be substituting its judgment for that of the BZA, which made clear that its decision to issue the special use permit was dependent upon the implementation of a traffic control system.

The court is constrained to find that, in this case, the issuance of the special use permit contravened well-recognized principles of law, and the decision of the BZA is reversed.